## No. 5309.

## William Washington *v.* The State.

1. **Perjury.—Practice.**—If the perjury assigned be evidence given by the accused as a witness in a case under judicial investigation, the materiality of his testimony is a question of law and not of fact. But, like any other question of law, it may be so mingled with the facts that the court should submit it to the jury, with proper instructions upon the law. In no event, however, can the materiality of the testimony assigned as perjury be established by the opinions of witnesses.

2. **Same—Evidence.**—The perjury assigned being the false testimony given by the defendant upon the trial of one G., the trial court erred in permitting certain witnesses who served as jurors upon the trial of G. to testify, upon this trial, that they discredited and discarded the evidence of this defendant in considering of their verdict in the G. case. See the opinion on the question.

3. **Same—Charge of the Court.**—The record and judgment in the proceeding in which the perjury was alleged to have been committed, while not admissible in evidence to be considered by the jury indiscriminately, was admissible as matter of inducement in the matter assigned as perjury. When admitted for this specific purpose, it became the duty of the trial court to give to the jury an instruction as to the purpose of its admission and the extent to which it could be considered. The omission of such an instruction was material error.

Appeal from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

Upon substantially the same evidence as that developed upon his former trial (22 Texas Ct. App., 26), the appellant in this case was convicted of perjury, and was awarded a term of five years in the penitentiary as punishment.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.  Appellant was convicted of perjury committed on the trial, in the district court of Bexar county, of one Jack Green, charged with theft from the person.  This is the second time this case has been on appeal to this court.  (See Washington v. The State, 22 Texas Ct. App., 26.)

On the last trial, from which the present appeal is prosecuted, it is made to appear by bills of exception in the record, that the State was permitted to prove, over objections of defendant, by one or more witnesses, that they were jurors who sat upon the trial of the case of Jack Green; that they heard the testimony given on that trial by the appellant; that the testimony of appellant was material, and that, if the same had been believed by them as to the matter which in this case is assigned as perjury, it would have acquitted the said Jack Green, but that they did not believe this defendant's testimony.

Such testimony is manifestly erroneous.  In the first place it permitted the witnesses to give their opinion as to the materiality of the defendant's evidence in the Green case, and, in the next, to testify that they did not believe his testimony in that case; thereby in effect testifying that, in their opinion, he had committed perjury in that case.  These were the two main questions in issue on this trial, and the witnesses were allowed to testify as to their opinions in regard to them.  To put it strongly, the State was allowed to prove that, in the opinion and findings of the Jack Green jury, the defendant was already convicted of perjury, and that their opinion and findings were held legitimate evidence which should control the jury in this case.

"In prosecutions for perjury assigned upon evidence given by a witness in a case under judicial investigation, the materiality of the testimony is a question of law, not of fact.  But, like any other question of law, it may be so mingled with the facts, that the court should submit it with proper instructions upon the law to the jury."  (2 Bish. Cr. L., 7 ed., sec. 1039a.)

"It is for the judge, and not the jury, to pass upon the materiality of the false testimony," and assigned as perjury.  (Donaho v. The State, 14 Texas Ct. App., 638; Jackson v. The State, 15 Texas Ct. App., 579.)

But, supposing the materiality was a question of fact necessary to be found from other coincident or concomitant facts, certainly even in such case the fact of materiality could not be established by the mere opinions of witnesses who were no more competent

to form correct opinions from the facts, than the jury themselves who were trying the case.

Nor was it legitimate to prove by the jury in the Jack Green case that they did not believe, and had consequently disregarded, the testimony of appellant in that case. They might have honestly believed from the facts before them that the defendant had committed perjury in Green's case, and yet a full development of the facts when the issue was properly presented and investigated, as was sought in this case, might have shown directly the contrary. Their belief or opinion of the matter, derived alone from the facts in the Green case, had nothing to to with this case, and was not only inadmissible and incompetent, but was highly prejudicial in that it was substituting their opinion of defendant's guilt for facts upon which alone the trial jury would be authorized to convict.

There is another error apparent of record, and which is conceded to be of a reversible character by the assistant attorney general. It is this: At the trial the prosecution adduced in evidence the record, including the judgment, in the Green case. Such evidence was competent and admissible to show inducement in the matter assigned as perjury. (Partain v. The State, 22 Texas Ct. App., 100.) But, whilst it was admissible as evidence for specific purposes, it was not evidence to be considered indiscriminately by the jury as proof of the perjury; and, to guard against such an improper and illegal estimate of its purposes by the jury, it was incumbent as a duty upon the court, in its charge, to so limit and restrict its use, as that the jury could not have been misled as to the extent to which they were to reconsider it. This was not done by the learned judge in his charge, and the omission is radical and reversible error. (Davidson v. The State, 22 Texas Ct. App., 373.)

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*