## ED. MARTINEZ v. THE STATE.

### No. 1553. Decided June 24, 1898.

**1. Perjury—Materiality.**

Testimony by the defendant as a witness on the examining trial of one N., charged with theft of hogs of one R., to the effect that he saw N. in possession of and driving said hogs in the county where the theft was alleged to have been committed, was necessarily material, and perjury could be based thereon.

**2. Same—Evidence Sufficient.**

On a trial for perjury, based upon defendant's testimony as a witness to the effect that he had seen one N. in possession of and driving fifteen or sixteen head of hogs belonging to one R., in G. County, evidence of several witnesses that N. did not have or drive sixteen head of R.'s hogs in G. County, but that he had taken up nine hogs of R.'s in W. County, where the hog law was in force, that were depredating on his crops, and that they were sold to pay the expenses of taking up and keeping them, is sufficient to sustain a conviction for perjury.

**3. Evidence Admitted—Bill of Exceptions.**

Error predicated upon the admission of evidence is not available on appeal where no bill of exceptions was reserved to its admission.

**4. Perjury—Record Evidence—Charge Limiting and Restricting.**

On a trial for perjury, where the record in the case in which the perjury was committed has been introduced in evidence, an instruction by the court to the jury, that said record "has been admitted in evidence for the sole purpose of showing the pendency of such prosecution, and is not to be considered by you as tending to prove the charge of perjury," is correct.

APPEAL from the District Court of Guadalupe. Tried below before Hon. M. KENNON.

Appeal from a conviction of perjury; penalty, five years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

No briefs on file for appellant.

*W. W. Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

The sufficiency of the indictment was called in question upon the ground that the statements upon which the perjury is assigned were not material. This testimony was given by appellant in an examining trial in a justice court in Guadalupe County, wherein the State of Texas was plaintiff and one W. J. Neyland was defendant. Neyland was charged by complaint with the theft of hogs, the property of Berl Randle—said theft averred to have occurred in Guadalupe County. On the examining trial appellant testified for the State, among other things, that he saw said Neyland driving fifteen or sixteen head of hogs belonging to Berl

Randle; that he saw said Neyland driving said hogs in Guadalupe County. This testimony was evidently material, for it put Neyland in possession of Randle's hogs in Guadalupe County, driving them away; thus showing not only possession, but an appropriation of the hogs, as well as venue of the offense. It was essential to the State's case that this character of proof should be made, and, being essential to the case, was necessarily material.

It is contended that the evidence is not sufficient, in that the case is not made out by two credible witnesses, or by one credible witness and the necessary corroboration required by the statute. There is no merit in this contention. It is proved by several witnesses that the defendant did not have or drive sixteen head of Berl Randle's hogs in Guadalupe County, and the evidence further shows that defendant had taken up several of Berl Randle's hogs in Wilson County. But these hogs, about nine in number, were taken up by Neyland from his corn field, to protect it from the depredations of said hogs; and they were sold to pay the expenses for taking up and keeping them. The local option hog law was in force in the particular portion of Wilson County where defendant lived, and his farm was in that county, and his hogs were taken up in that county.

It is further contended that the court erred in admitting evidence of the written statement of the defendant taken upon the examining trial of W. J. Neyland. This is one of the grounds of the motion for a new trial. There was no bill of exceptions reserved in regard to this matter.

The third ground of the motion for a new trial asserts that the court committed error in assuming that the State had introduced the record of the proceedings of the justice court wherein defendant is charged to have committed the perjury, averring that the record was not introduced. The evidence of Dibrell, the justice of the peace, shows that he, as justice of the peace, held court on the 21st day of June, 1897, to try W. J. Neyland, charged with the theft of Randle's hogs, and that he did try him on said day. In this connection the statement of facts discloses that the State handed the witness Dibbrell the justice of the peace docket of precinct No. 1, which the witness identified as his docket, and the same was introduced in evidence, which showed that a criminal case, styled "The State of Texas v. W. J. Neyland," was on the docket, charging him by complaint with the offense of the theft of sixteen head of hogs from Berl Randle. The witness then identified the complaint against said Neyland, charging said theft, and he further identified the written statement made by Martinez, this defendant, on said trial. This testimony was then introduced before the jury, as well as the complaint. This is found in the statement of facts. The court instructed the jury "that the record of the case before the magistrate, in which it is alleged that Neyland was being prosecuted for theft of hogs, has been admitted in evidence for the sole purpose of showing the pendency of such prosecution, and is not to be considered by you as tending to prove the charge of perjury." This charge was correct. It assumes no fact against appel-

lant. It simply states, as it was the duty of the court, that this record was introduced for the purpose of proving the pendency of the case in which the perjury is alleged to have been committed. Perhaps it might not have been injurious for the court to have omitted the charge in this particular case; but, as a general rule, charges limiting this character of testimony to the purpose for which it was introduced should be given; and this might be imperative if such testimony should tend to influence the jury adversely to the defendant. For instance, if in this case the record had shown that the justice had refused to place Neyland under bond, it would have indicated that said justice did not believe the testimony of appellant; and this would have had the tendency to affect the jury adversely to appellant. But the record is silent, however, with regard to the action of the justice—as to whether or not he was bound over. But it certainly can not be injurious to appellant that the charge was given. The judgment is affirmed.

*Affirmed.*