## William S. Ross v. The State.

### No. 1764. Decided March 27, 1899.

**1. Perjury in Application for Continuance—Indictment.**

An indictment for perjury, assigned upon an application for a continuance in a criminal case, which simply sets out the application in full, and then traverses certain statements charging that the same were untrue, is insufficient. To have been sufficient, the certain averments or portions in the motion for continuance which were claimed to be material, and on which the assignments of perjury were proposed to be predicated, should have been singled out, set forth, and alleged to be material, and should then have been distinctly traversed by alleging that they were untrue; that de-

fendant then and there knew each of them to be untrue when he made them, and that each and all of said statements were then and there willfully and deliberately false, etc.

**2. Same.**

It is not necessary in an indictment for perjury assigned upon a motion for continuance in a criminal prosecution for theft, to set out in full the indictment for theft.

**3. Same—Evidence—Harmless Error.**

On a trial for perjury assigned upon a motion for continuance, while it is necessary to introduce the motion, it is not necessary to introduce the order of the court continuing the case on said motion; but proof of such order would not be calculated to injure defendant, and would therefore be harmless.

**4. Same—Record Evidence—Charge of Court.**

On a trial for perjury the papers and record evidence in the case in which the perjury was committed are only admissible as inducement to show the fact of the judicial proceeding in said case, and it is error for the court to charge the jury, in effect, that they could consider said papers, and especially the order of the court continuing the case, as testimony incidental and indirectly bearing on the guilt or innocence of the defendant as to the perjury.

**5. Defendant as a Witness—Impeachment of His Credibility.**

Where a defendant complains that the State sought to attack his credibility as a witness by compelling him to testify as to a number of misdemeanors for which he has been tried. Held, the onus was upon him to show that the testimony was not admissible, and that the alleged misdemeanors were not misdemeanors involving moral turpitude.

**6. Charge of Court—Limited by Allegations in Indictment.**

A charge of court, in its submission of the issues in a case, is limited by the allegations of the indictment, and is not required in this respect to be more definite in its allegations than the pleader has been.

APPEAL from the District Court of Bandera. Tried below before Hon. I. L. MARTIN.

Appeal from a conviction for perjury; penalty, three years imprisonment in the penitentiary.

No statement necessary.

*Geo. Powell,* for appellant, filed an able written argument in the case.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of three years; and he prosecutes this appeal.

Appellant made a motion to quash the indictment on various grounds, which was overruled by the court. The indictment assigns the perjury on a motion for continuance made in a certain case against the appellant pending in the district court on an indictment charging him with the theft of a head of cattle, the property of Tony Ney. After stating the term of court and the proceedings leading up to the call of said case for trial, the indictment alleges that appellant made a motion for continuance, properly sworn to, on account of the absence of three witnesses, including W. C. Simpson, in regard to whom the perjury is charged to have been committed. The indictment sets out the application for continuance

in full as a part thereof, and then proceeds to allege that said statement, so made by the said William S. Ross, was then and there material to enable the said William S. Ross to obtain a continuance of said case, and then proceeds to traverse certain statements in the motion for continuance, charging that the same were untrue. In our opinion, the State should have singled out the certain allegations in the motion for continuance which it claimed were material, and then have alleged their materiality. As presented, we are left to take each and every part of said motion for continuance as material, or to single out such portions thereof as we believe to be material. Evidently, if we look to the traverse allegations of the indictment, we would be led to the conclusion that the pleader intended to state that the allegation in the motion for continuance, to wit, "that said witness Simpson was not absent from court by the procurement or consent of the defendant," was material; and that the allegation of said motion, "the defendant expects to prove by W. C. Simpson that defendant openly and notoriously claimed the said yearling as his property, and so stated to said witness at the time he took said yearling into possession, and at the time he had said yearling in possession," was material; and the allegation in said motion "that he expects to prove that he took the animal in question openly and in good faith, believing it to be his property, and that he owned an animal running in the same range with the animal in question, resembling the yearling in question," was material,—because, as above stated, he says, in a subsequent portion of the indictment, "that in truth and in fact the said W. C. Simpson had theretofore been excused by the said William Ross from further attendance as a witness in said case, and said witness was absent with the consent of the said William Ross, and, further, the said W. C. Simpson then and there knew no such facts as set up in said application," etc. We hold that the indictment in this case was defective in not setting out the particular portions of the motion for continuance which were considered material, and on which the assignments of perjury were proposed to be predicated. We would not be understood, however, as indorsing the subsequent portion of the indictment; for it is drawn in a confused shape. It occurs to us that it would have been a very easy matter to have set out the material portions of the motion for continuance, on which it was proposed to assign the perjury, and then to have distinctly traversed said assignments by alleging that each of said assignments, setting them out, were untrue, and that appellant then and there knew that each of the same were untrue when he made them, and that each and all of said statements were then and there willfully and deliberately false, etc.

We do not believe the indictment in question is subject to the criticism of appellant to the effect that the indictment for the theft of said head of cattle was not fully set out, and, as set out, it was not a complete indictment. It is alleged that the said "William Ross was duly and legally charged by indictment with the theft of cattle from Tony Ney," etc. This was merely the inducement, and it was not necessary for the pleader to set out this indictment in full.

Appellant complains that the court should not have admitted the order of the court continuing said cause on the motion of defendant, and that the charge of the court in that connection was erroneous.   The indictment, and the proceeding leading up to the calling of the same for trial, and the motion for continuance, were all that was required to show the pendency of the judicial proceeding in which the alleged perjury was committed; and it was not necessary to introduce the action of the court on the motion for continuance.   We do not see that this order was calculated to do any hurt to the defendant.   Certainly not if the court had given a proper instruction on the subject.   See St. Clair v. State, 11 Texas Crim. App., 297; Davidson v. State, 22 Texas Crim. App., 372; Hill v. State, 22 Texas Crim. App., 579.   The court, however, gave this instruction: "You are instructed by the court that the indictment against defendant in the Tony Ney theft case, and the records showing the proceeding of the court anterior and about the time of the alleged perjury, were not introduced to establish the main issue of the alleged perjury, and you can not consider it for that purpose, but simply incidental to and indirectly as evidence to be considered by the jury, together with all the other evidence in the case in regard to said alleged perjury; and you can only consider it for that purpose, in passing on the guilt or innocence of defendant."   Now, evidently, from this the jury were led to believe that they could consider said papers, and especially the order for continuance based on the motion, as testimony incidental and indirectly bearing on the issue of the guilt or innocence of the defendant as to the perjury; whereas all these papers could be considered for no such purpose, but merely as inducement to show the fact of the judicial proceeding in which the perjury was alleged to have been committed.

Appellant complains that he was compelled to testify as to a number of misdemeanor charges on which he had formerly been tried, and he says that it was not competent for the court to have compelled him to testify as to said matters, and that this was not evidence going to his credit, as they were merely misdemeanors.   We have examined the bill of exceptions in this regard, and it fails to show that they were merely misdemeanors, and not misdemeanors involving moral turpitude.   The onus was on appellant to show that the testimony was not admissible, and he should have shown by his bill, if such was the fact, that the alleged misdemeanors were not misdemeanors involving moral turpitude.

Appellant complains that the court committed an error in failing to instruct the jury that defendant could not be convicted, except upon the testimony of two credible witnesses, or one credible witness corroborated strongly by other evidence.   We have examined the charge in this regard, and it does not support appellant's contention, as there is a charge in accordance with the statute on the subject.

Appellant complains of the charge of the court which presents the entire application for continuance, and instructs the jury that the same is material.   Of course, the court should have presented such assignments as were particularly laid, and as to which some testimony had been

introduced.    But the vice in the charge here goes back to the indictment. The indictment itself did not definitely allege the assignments of perjury contained in the motion for continuance, and so it may be said in this respect the court could be no more definite than the pleader had been.

For the errors discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.