### Whig Warren v. The State.

No. 148.    Decided November 17, 1909.

**False Swearing—Indictment—Perjury—Statutes Construed.**

Where, in a prosecution for false swearing, it appeared on the record and the evidence that the alleged false oath was taken in a judicial proceeding, in a matter of taking a recognizance in a felony case, testing defendant's statements as to his financial ability to enter into said recognizance, the same was perjury under article 205, White's Penal Code, and not false swearing.

Appeal from the District Court of Delta.    Tried below before the Hon. R. L. Porter.

Appeal from a° conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. Thornton,* for appellant.—On question of the insufficiency of indictment: Langford v. State, 9 Texas Crim. App., 283, and authorities cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of false swearing, his punishment being assessed at two years confinement in the penitentiary.

The indictment alleges the false swearing to have occurred in a judicial proceeding in substance as follows:    There was a felony case pending in the District Court of Delta County.    The accused in the case desired to enter into a recognizance.    Appellant was called as one of the cognizors.    The court not being satisfied placed the

cognizors under oath and it is alleged that appellant swore falsely to the effect that he had bought land in Wood County for which he had paid $600 and that this statement was false. The point is made in an attack on the indictment, as well as in regard to the sufficiency of the evidence, that this is not false swearing, but perjury. We are of opinion that this contention is correct and the motion to quash ought to have been sustained, and further, that the facts do not justify the conviction for false swearing. The definition of perjury is that it is a false statement, written or verbal, deliberately and falsely made, relating to something past or present, under the sanction of an oath or such affirmation as is by law equivalent to an oath when such oath or affirmation is legally administered under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any private right or for the ends of public justice. Article 205, White's Penal Code, is as follows: "All oaths or affirmations legally taken in any stage of a judicial proceeding, civil or criminal, in or out of court, or before a grand jury, are included in the description of this offense." There can be no question of the fact that this order was taken in a judicial proceeding, a pending felony case, and any steps that may be taken during the pendency of that case in any way connected with it, would constitute a judicial proceeding. It is true that appellant need not have offered himself as a cognizor, but he did and it was in a pending felony case. This was a matter incident to the judicial proceedings by which the accused in that case sought to obtain his liberty and was authorized by the law. This oath was taken by appellant under order of the court. Article 315, White's Code Criminal Procedure, reads as follows: "In order to test the sufficiency of the security offered to any recognizance or bail bond, unless the court or officer taking the same is fully satisfied as to the sufficiency of the security, the following oath shall be made in writing and subscribed by the surety:  .  .  . which affidavit shall be filed with the papers of the cause, or criminal proceedings." This affidavit is not conclusive as to the sufficiency of the security and if the court or officer taking the recognizance or bail bond is not fully satisfied as to the sufficiency of the security offered, further evidence shall be required before approving the same. Article 316, Code Criminal Procedure. It is not necessary here to set out the form of the oath. A recognizance can only be taken, under the Code of Criminal Procedure, in court. A bail bond answers the same office, when taken by an officer, the court not being in session. Under the terms of the statutes cited, therefor, we think it a legal conclusion and cannot be otherwise than that this oath was taken in a judicial proceeding and was, therefore, perjury, if false, and not false swearing.

The judgment is reversed and the prosecution ordered dismissed '

*Reversed and dismissed.*