## V. V. Musick v. The State.

No. 8670.　　Delivered May 6, 1925.

1.—Perjury—Evidence—Incompetent and Hearsay.

On a trial for perjury, it was error, being both incompetent and hearsay to permit the trial judge before whom the alleged perjury was committed to testify that evidence given before him by appellant, was material to the cause on trial. The materiality of the testimony of a witness upon which perjury is assigned is a question of law, and cannot be proven by the opinion of a witness. Following Washington v. State, 23 Tex. C. A. 337 and cases cited.

2.—Same—Confessions—Under Arrest—Inadmissible.

Where appellant was under arrest at the time, statements made by him to his former wife, of a damaging character, were improperly admitted, and for the errors pointed out the cause must be reversed. See Sec. 60, p. 33, Branch's Ann. P. C. for collation of authorities.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of perjury; penalty, three years in the penitentiary.

The opinion states the case.

*Henry M. Myers,* of Ft. Worth, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Tarrant County for the offense of perjury, and his punishment assessed at confinement in the penitentiary for a term of three years.

This prosecution grew out of the testimony given by the appellant in a suit for divorce between himself and his wife, Grace Musick, which was heard in the 67th district court of Tarrant County, over which court Judge Ben Terrell presided.

Appellant by bill of exception No. 4 complains of the action of the court in permitting the State to prove by Judge Terrell that the question "as to how long the defendant had resided in Tarrant County previously to the filing of the suit" was a material issue in the divorce case. The objection to this testimony was that the question of materiality of any testimony given in the trial of the divorce case is a question of law, and could not be proved by the opinion of a witness. This assignment must be sustained. Mr. Branch correctly states the rule covering this question as follows: "The mere opinion of a witness or any other person is not admissible either to prove that the statement alleged to be false is material or immaterial." Washington v. State, 23 Texas Crim. Appeals 337, 5 S. W. 119; Foster v. State, 32 Texas Crim. Appeals 41, 22 S. W. 21.

By bills of exceptions 18 and 19 appellant raises practically the same objection to the testimony of Judge Terrell to the effect that he was permitted to testify that it was material issue in the divorce case as to whether or not the plaintiff knew the address or whereabouts of the defendant, and by bill 19 it is shown that the witness was permitted to testify over the appellant's objection that the witness Judge Terrell had jurisdiction of the case. These were purely questions of law, and under the authorities cited above the testimony was clearly inadmissible.

By bill of exception No. 46 objection was made to the introduction of the agreed statement of facts in the divorce case. The bill shows that this statement of facts was signed by appellant's attorney in the divorce case and by the defendant's attorney in the divorce case, and was made up and signed when the appellant was not present, and the bill further shows that the attorney who signed same refused to say that it was an accurate statement of the appellant's testimony in that case. Regardless of this, however, the fact that it was made out of the presence and without his knowledge would make it inadmissible as original evidence against the appellant. We perceive that it was admitted for the purpose of impeaching one of appellant's witnesses in this case, who had signed said statement of facts and it was admissible for this purpose, but in view of another trial we suggest that the court limit this testimony to the purposes for which it was admissible in the event it should be admitted on another trial.

By bills of exceptions Nos. 47 and 49 appellant complains of the action of the court in permitting the State to prove by Grace Musick, the former wife of appellant, certain statements made by him to her while he was under arrest. These bills both clearly show that appellant was under arrest at the time the statements were made that his former wife testified about, and the statements were highly important testimony and should not have been admitted. As bearing on the damaging nature of his testimony, this witness was permitted

to say that the appellant told her in this conversation that anything she says is the truth, and if she is a mind to send him to the penitentiary, he would have to take it. This statement was made in August after the alleged perjury was committed in the preceding June. Sec. 60, p. 33, Branch's Ann. Penal Code, and many authorities there cited.

For the errors above discussed, the judgment of the trial court is hereby reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.