# SAM STARNES V. THE STATE.

No. 16127.   Delivered December 13, 1933.
Reported in 66 S. W. (2d) 335.

The opinion states the case.

*J. Frank Wilson* (of Sullivan & Wilson), of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for perjury; punishment, two years in the penitentiary.

Appellant was charged in this case with perjury in that he swore, on the trial of one Herne, that Herne was not in Rhinehardt, Texas, at about 2 P. M. on November 2, 1932, when and where an assault was made upon one Riggs with intent to rob,—but was at another and different place, to-wit: in Dallas, Texas, at said time. Herne was convicted, and this indictment against appellant for perjury followed. On the trial hereof the state was permitted to ask the trial judge, who was a witness for the state, if the jury in the Herne case returned a verdict of guilty in that case, to which the judge answered that they did. This question and answer were properly excepted to. Over objection the state was permitted to introduce the entire judgment of conviction of Herne for assault to rob. It was objected to as prejudicial, inflaming the minds of the jury against this appellant, and as tending to cause this jury to believe that another jury had passed unfavorably on the credibility of this appellant as a witness in the Herne case. In his charge the court told the jury as follows: "You are further instructed that certain evidence was introduced before you tending to prove that W. H. Herne was convicted of the offense of assault with intent to rob C. N. Riggs on or about the 2nd day of November, A. D. 1932. I instruct you that said testimony was admitted for the purpose of aiding you, if it does aid you, in determining the issues involved and the materiality of the testimony of the said Sam Starnes, if any, in the trial of the said W. H. Herne, and you will not consider said evidence as any evidence of the guilt of the defendant of perjury in this case, if you consider it for any purpose whatever." The general charge was excepted to for its failure to exclude the question, as to the conviction of Herne, as not a proper subject of inquiry in this case; also for its failure to exclude the judgment of conviction against Herne, above referred to. These exceptions will be noted in their inverse order. The charge above set out is to some extent like that given in Ross v. State, 40 Texas Crim. Rep., 352, and it must have left the jury without any guide as

to how far they might go or as to what issues in the case they might apply the judgment of conviction, and for this reason such charge should not have been given.

We are of the opinion that it was reversible error to permit the district judge to testify that the jury trying Herne found him guilty; also that it was error for the state to be permitted to introduce that part of the judgment of conviction which conveyed to the jury the result of that trial. If, in any case, it became necessary for the state to introduce the verdict of guilty or not guilty, or to put before the jury that part of the judgment in a given case which reflects the conclusion of the former trial court or jury (in this case that Herne had been convicted) in order to establish some part of the case against the person on trial, we would have a different question,—but in this case it *was not necessary.* Every element of the offense of perjury,— as laid down in our statutes and discussed in State v. Peters, 42 Texas, 7; West v. State, 8 Texas App., 119; Warren v. State, 57 Texas Crim. Rep., 262, and others,—can be established without the introduction of the fact of conviction of the accused upon whose trial the alleged perjury was committed, if in a criminal case, or as to who was successful or unsuccessful in the trial of a civil proceeding in which such perjury is alleged to have been committed. The state can show the pendency of the cause wherein the perjury is alleged to have been committed, by the pleadings, dockets and minutes, supplemented by such oral testimony as may be needed. See Ross v. State, 40 Texas Crim. Rep., 352; Curtis v. State, 46 Texas Crim. Rep., 480; Hutcherson v. State, 33 Texas Crim. Rep., 73.

We recognize that in some cases, without much analysis, this court has held admissible the judgment in the case wherein the perjury was alleged to have been committed. Mr. Branch cites in section 878 of his Annotated P. C. Davidson v. State, 22 Texas App., 382; Washington v. State, 23 Texas App., 338; Maines v. State, 23 Texas App., 576; Littlefield v. State, 24 Texas App., 169; Kitchen v. State, 26 Texas App., 172, and others written by our illustrious predecessors so holding, but in the first paragraph of the section above referred to Mr. Branch makes the following observation: "The judgment rendered in the case in which the perjury is alleged to have been committed sheds no light upon the issue in the perjury case and it is not necessary to introduce it in evidence. The result of the case in which the supposed perjury was committed is ordinarily prejudicial to either the State or to the defendant and proof of same should neither be offered nor admitted." We think this to state a correct conclusion. In each of the cases above cited and

others, this court has held that while the judgment in the case wherein the alleged perjury was committed, would be admissible *as inducement,* it should not be admitted or considered in solving the question of whether the perjury was committed, and it was invariably held that the trial court must tell the jury in the charge not to consider it for such latter purpose, and failure to do so was always held reversible error.

In Davidson v. State, supra, seemingly the first case decided by this court so holding, appears a quotation from Mr. Wharton, and one from Mr. Greenleaf holding that "the record of the trial * * * is admissible as inducement,", etc. If we understand what these authorities mean by the expression "as inducement," same relates only to proof of so much of such record as may be necessary to establish that there was a proper surrounding or setting for the alleged false statement, such as that there was a proceeding, under proper authority, in a proper instance, legal and in conformity with the requirements of the law of the particular occurrence and jurisdiction. It is nowhere held, nor do we think it could be properly held, that proof of the result of the former trial could in any real sense be what is termed "Inducement." It seems to us clear that on the contrary the entire *inducement* can be made out without putting before the jury what the verdict was or the result of the former trial. The trouble with the cases above mentioned, and any others of like import, is that they hold admissible that which is not only unnecessary as inducement, but which is so hurtful in its effect upon the jury as that the instruction to disregard same in arriving at the guilt of the accused, which is made imperative in all said cases,—would be most doubtful of success.

The fact that this appellant had been sworn to testify in a proper proceeding in a court before a judge and jury, which court had jurisdiction, and which jury was duly sworn in such case, and that the testimony then given by him was material to an issue in such case,—were all matters of inducement, and when the perjury is laid as committed upon a trial, they are necessarily provable, but same can all be established without the introduction of any testimony as to the result of such former trial, as we have above stated. If this be true, and it is true, why go on and tell the jury trying this accused for swearing to a lie in the particular case alleged, that twelve or six other men trying that case and hearing his testimony now alleged to be false, rendered a verdict the logical effect of which proof is to put before the present jury the fact that said other jury refused to accept as true the testimony of the accused now sought to be proven false. Certainly the jurors in such former

trial could not be put one by one on the witness stand and had to swear that they believed that in said former trial this appellant told a lie, yet in substance and effect this is put before this jury by proof of the verdict they returned. All these cases lay down the rule that the present jury has no right to consider the result of the former case as establishing the fact that the accused in this case then lied, and all agree that unless the jury are told in the present case not to base their verdict upon the fact that another jury believed the accused lied when he gave the same testimony before them, the case must be reversed. If it be conceded that it was not necessary to put before this jury the fact that a former jury disbelieved the statement made the basis of the perjury in the instant case, why in the name of reason or justice should it be put before the jury at all? Why do an admittedly useless thing which is admittedly harmful, and then depend upon an instruction to the jury attempting to withdraw the harmful effect of it? What is this court to do when confronted with a question like this? The answer is that we must hold it wrongful and erroneous to allow the state to introduce before the jury that part of the judgment of the former trial wherein the alleged perjury was committed, showing the result of same, and reverse this case and overrule the doctrine laid down by the cases above mentioned,—or else continue to follow a rule, seemingly indefensible,—and continue to allow testimony of an exceedingly hurtful character to be put before the jury in a connection where it is neither right nor necessary to the due and proper administration of justice,— and then to rely on the jury to forget it and attempt to make up a verdict without being influenced thereby. In all the cases holding proof of the judgment in the former case admissible, the effect of same on the jury is strongly suggested. See the cases above mentioned, and Estill v. State, 38 Texas Crim. Rep., 255.

There are well settled instances in which proof of other offenses and matters of possible injury to the accused become necessary or proper in the development of the case on trial, or to meet defenses made, such as some cases of theft and certain forgery cases, in which cases reliance must be had upon an instruction to the jury as to the proper purpose for which such evidence is admitted, but we have here no similar case.

In the matter before us, we are discussing the admission of unnecessary and admittedly harmful proof for which no need arose and no reasonable ground existed, and the only remedy offered or reason given for not reversing every case in which it was done was that in some cases an instruction was given to

the jury not to consider it as making out the main case. We say, with respect, that this is not satisfactory.

As illustrating the general attitude of this court toward the effect of such proof upon the jury, in Clayton v. State, 78 Texas Crim. Rep., 165, the accused was on trial for perjury in that he swore that he was at a certain place at a certain time, and that no gambling was going on there, and that Henderson, for whom he was a witness, was not there. The state was allowed to prove that another party, Zachary, plead guilty to gaming at said place at the same time. Holding such testimony inadmissible, this court said: "The result of the trial of Rich Henderson in the County Court could not ordinarily be shown, and the court would not err in so holding. The result of his trial, and that of any of the others charged with gaming on that occasion would not be admissible on this trial, and on another trial the court should not only exclude the testimony as to the result of that trial, but exclude as well the result of the trial of any and all the others."

In Poulter v. State, 72 Texas Crim. Rep., 140, appears a case of perjury, it being claimed that the accused had falsely sworn before the grand jury that his brother, who had sworn in the justice court that he was only nineteen years of age at the time he executed a note,—was only nineteen years of age at said time. On the perjury trial the judgment of the justice court in the suit against appellant's brother was admitted showing that the court held against the plea of minority. This court held such judgment wholly inadmissible for any purpose.

In Warren v. State, 57 Texas Crim. Rep., 518, perjury was charged in that the accused swore in the county court while a witness in his own behalf, that he did not bet at a game of craps in Smith county on May 26th. He had been tried in the justice court for the offense of betting at such game and convicted, but had appealed. The transcript sent up from the justice court to the county court showing appellant's conviction, was introduced against him on this perjury trial. This court held it not a proper part of the matter of inducement, and that proof of such conviction was not permissible, and the case was reversed.

In Hutcherson v. State, 33 Texas Crim. Rep., 72, it appears that the accused had been a witness for himself in an assault trial which resulted in his acquittal. He was indicted for perjury alleged to have been committed during said trial, and offered in his behalf the judgment of acquittal, which was rejected. This court upheld the trial court, and said: "While it has been held that such evidence is admissible as

inducement (Davidson v. The State, 22 Texas Crim. App., 373; Kitchen v. The State, 26 Texas Crim. App., 172), yet it is not admissible to show the guilt or innocence of a defendant; and, where it is admitted, the failure of the court to limit it by its charge and instruct the jury that it can not be considered as proof of guilt, is a good ground for a new trial. 26 Texas Crim. App., 172. If it cannot be considered as bearing upon the guilt or innocence of the defendant, it is not perceived where the materiality of such testimony can be. Perjury can be committed in a case where there was a mistrial; and the organization, jurisdiction of the court, and pendency of the proceedings may be shown without the judgment. It would certainly be the better plan to exclude the judgment of former case from the jury, passing on the question of perjury, and leave them free from bias or influence that may probably be engendered by the action of a jury in the first case." See, also, Busby v. State, 51 Texas Crim. Rep., 310; Hunter v. State, 95 Texas Crim. Rep., 394; Brown v. State, 95 Texas Crim. Rep., 345. In the Hunter case, supra, it appears from the opinion on motion for rehearing that that part of the judgment showing the result of the trial was not introduced.

We find three bills of exception complaining of arguments. We do not discuss these because such arguments will not be made if there be another trial. Another bill complains of a question to the trial judge while a witness for the state, who was asked if it was not material on Herne's trial whether Herne was in Rhinehardt on November 2, 1932, around 2 P. M. In section 870, Branch's Annotated P. C., he cites a number of cases as holding that the mere opinion of a witness, or any other person, as to the materiality of the alleged false testimony, is not admissible. See, also, Musick v. State, 100 Texas Crim. Rep., 590. Still another bill sets up appellant's objection to the state's attorney telling the jury in his argument that one jury had already passed on this testimony and convicted one man, W. H. Herne. Such argument was seriously improper, and further illustrates the danger of allowing before the trial jury in the perjury case testimony as to the result of the trial in which the alleged perjury was committed.

We hesitate to overrule the opinions holding it admissible to prove the result of the trial in which the perjury was committed, but being profoundly impressed with the wrongful character of such testimony, we can not bring ourselves to believe that the doctrine of stare decisis should be so revered as to compel us to permit a continuance of the wrong, and those cases

above mentioned holding admissible the result of the former trial and others so holding are overruled.

For the errors mentioned, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*