## WILLIE FRANKLIN v. THE STATE.

### No. 1544. Decided November 24, 1897.

**1. Argument of Counsel—Practice on Appeal.**

Improper arguments of counsel will not be considered on appeal when defendant did not request the court to instruct the jury to disregard them.

**2. Perjury—Quantum of Proof—Charge.**

On a trial for perjury, where there was testimony sufficient to go to the jury as to the falsity of the statement, and the court instructed them, "That before they could convict the defendant of the alleged falsity of his statement they must believe beyond a reasonable doubt that such falsity had been established by the testimony of two credible witnesses, or of one credible witness corroborated by other circumstances"— this was sufficient under the provisions of article 785, Code of Criminal Procedure.

**3. Same—Circumstantial Evidence.**

On a trial for perjury, where it was contended that the proof being purely of a circumstantial character a conviction could not be had under provisions of article 786, Code of Criminal Procedure; Held, the case of Kemp v. State, 28 Texas Criminal Appeals, 519, giving the statute such construction, appears to be overruled by Beach v. State, 32 Texas Criminal Reports, 240, and Plummer v. State, 35 Texas Criminal Reports, 202.

**4. Same.**

Where the alleged false statement was to the effect that defendant had sworn that, on a certain occasion, he did not see one K. with a pistol in his hand, and two witnesses testified that they were present, close together, with K. and defendant at the time, on a bright moonlight night; that K. drew his pistol and attempted to strike one of said witnesses over the head with it, all of which defendant had full opportunity to see and know, was tantamount to positive testimony that defendant saw the pistol, and the case was not one of circumstantial evidence. Moreover, two witnesses testified that defendant told them he had seen the pistol on said occasion, which was also positive testimony.

**5. Perjury—Evidence—Record in Another Case—Charge Limiting and Restricting Same.**

On a trial for perjury, where the only portions of the record of the case, in which the perjury was committed, introduced in evidence, were mere formal portions showing the organization of the court, the judge who presided, the complaint and information charging K. with carrying the pistol, and K.'s plea of not guilty before the jury, but omitting the judgment, the court was not required to give an instruction to the jury limiting the use of such records, there being no probability that such evidence could possibly be used injuriously to defendant.

APPEAL from the District Court of Red River. Tried below before Hon. V. W. HALE, Special Judge.

Appeal from a conviction for perjury; penalty assessed at five years imprisonment in the penitentiary.

The appellant was convicted in the District Court of Red River County, Texas, upon an indictment charging him with having committed perjury as a witness on the trial of one King, in the County Court of said county, said King being charged by information with the offense of unlawfully carrying on and about his person a pistol. The matter assigned as perjury was that the appellant falsely swore that he did not see Nathan King have a pistol in his hand at Cannie Clements', on the 20th of March, 1897, in Clarksville, Red River County, Texas.

On the trial the State introduced in evidence the complaint, information, the minutes of the County Court of Red River County, and proof of the conviction of King in the case, wherein it was charged that appellant committed the perjury in this case. In the charge to the jury the court omitted to limit and restrict the jury as to the purpose of this testimony.

*Shaw & Johnson,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

The only bill of exceptions contained in the record is to the remarks of the district attorney in his closing argument. We see no possible injury that could result to the appellant from said remarks; and, besides, there was no request on the part of appellant for the court to charge the jury in regard thereto.

Appellant assigns as error the failure of the court to charge article 785, Code of Criminal Procedure 1895. This article simply requires: "In all cases where by law two witnesses or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction." This article has heretofore been construed to mean that where, in the opinion of the court, this statute has not been complied with by the State introducing two witnesses, or, in the opinion of the court, one witness with corroborating circumstances, it was the duty of the court to instruct the jury to acquit. There can be no question in this case that this statute has not been complied with. There was testimony sufficient to go to the jury as to the falsity of the statement, as required by the statute, and the truth of the testimony of the witnesses was for the jury. The court instructed the jury "that, before they could convict the defendant of the alleged falsity of his statement, they must believe beyond a reasonable doubt that such falsity had been established by the testimony of two credible witnesses, or of one credible witness corroborated by other circumstances;" and this, in our opinion, was, under the proof in this cause, all that the court was required to do.

Appellant contends that the proof was of a purely circumstantial character, and that, under our statute, a conviction of perjury can not be had on circumstantial evidence alone, and cites us to the statute on this subject (article 786, Code Criminal Procedure), and to Kemp v. State, 28 Texas Criminal Appeals, 519. Said decision is a construction of the article in question in accordance with the contention of appellant. This construction appears to have been overruled in Beach v. State, 32 Texas Criminal Reports, 240, and Plummer v. State, 35 Texas Criminal Reports, 202. However, we do not believe the question arises in this case; the record, in our opinion, showing that the proof of the falsity of the alleged statement was made by positive, and not circumstantial, testimony. The alleged false statement on which the perjury was predicated was to the effect that appellant had sworn that on a certain occasion he did not see King with a pistol in his hand. Two witnesses testified on this point, for the State, that they were present on the occasion alluded to; that King and the appellant in this case were present; that they were all close together on the gallery, on a bright moonlight night; that King drew his pistol and attempted to strike one of the witnesses over the head with it; that appellant was present, having come there with King; and that he had full opportunity to see King draw the pistol, and attempt to strike the witness with it; and they both testified that, unless his eyes were shut, he did see the pistol, for he had full opportunity to do so. This, according to our view, establishes a negative pregnant, and is positive testimony to the effect that appellant saw the pistol on that occasion. Moreover, the State proved by two witnesses that defendant told them that he did see the pistol in King's hand on said occasion. This also was positive testimony.

Appellant makes the contention here that the court committed an error in not instructing the jury with reference to the admission of certain record testimony, and limiting the purpose for which the jury could consider such testimony. The record testimony complained of is the minutes of the County Court of Red River County, showing that court was regularly and duly opened on April 29, 1897, and that R. H. Wells was the presiding judge, and that Nathan King pleaded not guilty before the judge and jury duly impaneled to try said King for carrying unlawfully on and about his person a pistol. Also a complaint and information, duly filed in said county and State, charging said offense. On the failure of the court to limit this testimony, appellant refers us to the cases of Davidson v. State, 22 Texas Criminal Appeals, 373; Washington v. State, 23 Texas Criminal Appeals, 336; Maines v. State, 23 Texas Criminal Appeals, 568; Littlefield v. State, 24 Texas Criminal Appeals, 167. In these cases it will be found that the judgment of conviction was introduced in evidence, and this court held in each case that it was the duty of the court below, whether asked or not, to limit such testimony to the purpose for which it was introduced; that is, merely to show the proceeding in which the perjury was committed. This view of the court is predicated upon the idea that the judgment of conviction offered in evidence in the case

in which the perjury was assigned, showing that the jury found against the defendant's evidence in said case, might be used by the jury trying him in the perjury case as a circumstance corroborative of the falsity of his alleged statement. In Estill v. State (decided at the present term of this court), ante, p. 255, the same rule was announced; but in this latter case the injury was more apparent, as in said case the defendant was charged with perjury committed in a former case, in which he was charged with an offense, he having been introduced as a witness on his own behalf in said case. It is very evident in the latter case that the danger of injury was imminent, and that it was error for the court to fail to give an instruction limiting the testimony. The case at bar, however, does not come within the above rule. Here the judgment of conviction was not introduced by the State, and, accordingly, there was no necessity on the part of the court to give an instruction as to such record. The only records introduced were merely formal records showing the court and the nature of the accusation against the appellant, and the jury, as far as the State was concerned, was left in the dark as to the result of that former prosecution; and, in our opinion, the court was not required to give an instruction limiting the use of such records as were introduced.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*