## D. J. MILLER v. THE STATE.

### No. 2232. Decided December 19, 1900.

**1. Continuance—Second Application.**

A contention that there could be no second application for continuance until a first application had previously been granted, is not correct.

**2. Perjury by Witness in a Civil Case—Irrelevant Evidence.**

Where perjury was assigned upon testimony of defendant in a civil suit, to the effect that a certain promissory note, which he had renewed and taken up on the 1st of September, 1895, had indorsed upon it, in writing, a credit of $600, dated March 1890, evidence that the assignee of said note had no deed from the original payee to the land for which said note was executed was irrelevant and not pertinent to the issue of the truth or falsity of his testimony and was therefore properly excluded by the court.

**3. Same.**

Where defendant swore that a credit for a certain sum was indorsed in writing upon his note on a certain date, the fact that he was entitled to such credit, at that date, although not indorsed upon the note, would be no answer to a charge of perjury based upon his sworn testimony that such credit was indorsed upon the note in writing.

**4. Excluded Evidence—Argument of Counsel.**

It is not error for the court to refuse to permit counsel to argue the materiality of excluded evidence.

**5. Perjury—Special Instruction.**

On a trial for perjury assigned upon defendant's testimony, to the effect that, on a certain date, a credit for $600 had been indorsed in writing upon a promissory note for $1000, executed by him, a special requested instruction, that he should be acquitted of perjury, if it was true that he was entitled to said credit, although it may not have been indorsed in writing upon the note, was properly refused.

APPEAL from the District Court of Guadalupe. Tried below before Hon. MUNFORD KENNON.

Appeal from a conviction for perjury; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*T. L. Johnston,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of perjury, and given four years in the penitentiary.

The court did not err in overruling application for continuance. It was the second, and failed to comply with the statute in setting out the requisites of a second application. Appellant's contention is that there can be no second application until a first has been granted. This is not correct.

E. S. Carpenter, witness for State, testified that he was the owner of the land for which the note was given by defendant in September, 1895. On cross-examination defendant proposed to prove that John Ireland, then deceased, had not in fact executed to him a deed of conveyance to the land which Ireland conveyed to appellant in December, 1889, and for which appellant executed to Ireland a note for $1000, on the back of which was an indorsement of a credit of $600, dated March, 1890. The purpose of this testimony was to disprove an introductory averment in the indictment, inserted for the purpose of showing materiality, and which alleged that, if the testimony upon which perjury was predicated was true, defendant would have been entitled to a credit of the $600 upon the note given by defendant to witness. He further proposed to prove that witness had no deed or title of any kind to the land sold by Ireland to defendant. This evidence did not tend to prove the credit of $600 was or was not on the $1000 note. The history of this transaction, briefly stated, is about as follows: In December, 1889, John Ireland sold appellant a small tract of land, for which appellant executed his note for $1000. Ireland immediately placed appellant in possession of the land, and he resided upon it, so far as the record shows, until this conviction. Some time prior to the 1st of September, 1895, Ireland transferred to his son-in-law, Carpenter, a lot of property, including the note for $1000 executed by appellant to said Ireland. On the 1st of September Carpenter went to appellant's residence on said land, and demanded a renewal of the note. They spent some time making the calculations, and after allowing all credits claimed by appellant, a new note was executed by appellant to Carpenter for $1499, being the amount of purchase money and accrued interest due on said land. The note was transferred from one party to another until finally it became the property of Dibrell & Mosheim, who instituted suit and recovered judgment for the amount of the note and accrued interest. On the trial of the civil suit, appellant testified there was a credit of $600, dated March, 1890, on the original $1000 note. The $1000 note was introduced in evidence, showing such credit indorsed upon it in writing. Upon this testimony appellant

was indicted for perjury. All of the witnesses familiar with the note testified that such credit in writing was not upon the note as late as 1898. How the fact that Ireland may or may not have executed to Carpenter a deed to the land could tend to show that the credit in writing of $600 was on said note of $1000 on the 1st of September, 1895, is not readily comprehended. If it was placed there in March, 1890, as claimed, he was entitled to that amount, as against the note of Carpenter, at the time he gave the new note to Carpenter. If Ireland executed a deed of conveyance to Carpenter, it could not have shown or tended to show that a $600 credit had been placed on the $1000 note in March, 1890, any more than if Ireland had not executed such a deed. We find no error in this ruling of the court. The same may be said of the bill of exceptions with reference to the same character of testimony offered to be proved by Mosheim and Dibrell. Appellant's theory seems to be that if, as a fact, he was entitled to a credit of $600 in March 1890, on the $1000 note, and his statement to that effect was true, he would not be guilty of perjury in swearing that the credit was placed on the note in writing in March, 1890, although in fact it was not so written on the note. We are not prepared to concede the truth of this proposition. He swore the credit was on the note, in writing, when he obtained it from Carpenter, September 1, 1895. If it was not, he was guilty of perjury in swearing it was.

Bill of exceptions was also reserved to the action of the court in refusing to permit counsel to argue the materiality of this excluded testimony. We think the court was correct. The court has authority to restrict the argument to the testimony admitted.

A special charge was asked by appellant, and refused by the court, submitting his theory, that, if it was true that appellant was entitled to a credit of $600 on the note, he should be acquitted of perjury. The charge was properly refused. As presented to us by this record, we believe the judgment should be affirmed, and it is so ordered.

*Affirmed.*

[NOTE.—Appellant filed a motion for rehearing January 1, 1901. Pending this motion the State filed a motion to abate the appeal on account of the death of appellant in jail on the 31st day of January, 1901, which motion was supported by the affidavit of William Duke, sheriff of Guadalupe County. This motion to abate was granted and the appeal abated February 6, 1901.—Reporter.]