F. E. MURPHREE v. THE STATE.

No. 4047.    Decided November 11, 1908.

Rehearing denied February 17, 1909.

**1.—Forgery—Verdict—Correction—Form.**

Where upon trial for forgery defendant was placed upon trial upon the first count in the indictment, there was no error in the court's action to correct the verdict so as to base it upon the first count in the indictment without retiring the jury. This was a mere matter of form.

**2.—Same—Venue—Proof.**

Where upon trial for forgery there was no suggestion of fact in the evidence raising the inference that the notes were forged elsewhere than in the county where the venue was laid, the court did not err in refusing to instruct the jury that the venue had not been proved; the evidence raising a reasonable inference that the venue had been proved.

Appeal from the District Court of Concho. Tried below before the Hon. Jno. W. Goodwin.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. F. Brown* and *J. Curtys Simmons,* for appellant.—On question of venue: Jack v. State, 3 Texas Crim. App., 72; Harrison v. State, 3 Texas Crim. App., 558; Bell v. State, 1 Texas Crim. App., 81; Turman v. State, 4 Texas Crim. App., 586.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Concho County on a charge of forgery of certain lien notes therein fully·set out and described. The indictment contains three counts, two of which were withdrawn from the consideration of the jury by the court. Appellant was convicted on the first count and his punishment assessed at confinement in the penitentiary for a term of two years.

There are but two questions arising in the case which we think it necessary to review.

1. It appears from a bill of exceptions that after some deliberation the jury returned into open court a verdict in the following form: "We, the jury, find the defendant F. E. Murphree, guilty and assess his punishment at two years in the penitentiary." Thereupon the court upon his own motion prepared for the jury a verdict in the following form: "We, the jury, find the defendant guilty, as charged in the first count of the indictment and assess his punishment at confinement in the penitentiary for a term of two years," and requested same to be signed, which was accordingly done without retiring the jury to reconsider their verdict, and that after this verdict was signed, the court asked the jury as to whether this was their verdict in the case to which each and every member of the jury answered that it was. The bill of exceptions evidencing these facts is approved with the qualification by the court that he instructed the jury in his charge, as indeed he had done, if they found him guilty to find him guilty as charged in the first count of the indictment and that they having omitted this part of their verdict, which, as the court states, was but a mere matter of form, as but one count was submitted to them, the court had the verdict corrected in respect to a mere matter of form so as to conform to the charge of the court and the issue submitted to them. We think there was no error in this action of the court. Article 753 of our Code of Criminal Procedure is as follows: "If the jury find a verdict which is informal, their attention shall be called to it, and with their consent the verdict may, under the direction of the court, be reduced to the proper form." It has been held that it was within the power of the court to have even a second verdict corrected by the insertion of a proper word, the jury consenting.

Taylor v. State, 14 Texas Crim. App., 340. On a trial on information for aggravated assault, the jury returned a verdict of "guilty," but without stating or indicating therein whether they found him guilty of the grade of offense charged in the information or of a minor grade. The court asked the jury if they intended to find the defendant guilty of aggravated assault and received an affirmative reply. The clerk inserted the words "of aggravated assault" at the proper place in the verdict and the jury agreed thereto. In this case it was held that there was no error in the proceedings. May v. State, 6 Texas Crim. App., 191. An informal verdict may be amended under the direction of the court. Robinson v. State, 23 Texas Crim. App., 315. See also Rocha v. State, 38 Texas Crim. Rep., 69. In this case there was one issue submitted to the jury and that was the guilt or innocence of appellant of the charge as made in the first count of the indictment. Their verdict, informally prepared, affirmed his guilt of the only charge they were authorized to consider. They were instructed if they found him guilty, to find him guilty as charged in the first count of the indictment. This was a mere matter of form and the court was authorized to have it corrected to conform to the charge of the court and the issue submitted to them. Whether he did this clerical work himself, directed the clerk to do it, or whether he should put the jury to the trouble of retiring to make a personal correction, was a matter of no consequence.

2. A more serious question arises as to whether or not there was such evidence of proof of venue in the case as should have carried the case to the jury. At the conclusion of the evidence believing that there had not been such testimony, appellant's counsel requested the court to give a peremptory charge directing his acquittal on the ground that the State has failed to show that the offense was committed in Concho County. This instruction was refused, nor are we prepared to say the court erred in so doing. It is well settled that the State does not have to prove venue beyond a reasonable doubt. Venue may be shown by circumstantial evidence as well as positive testimony. McGill v. State, 25 Texas Crim. App., 499. In Hoffman v. State, 12 Texas Crim. App., 406, this court said: "If from the evidence the jury may reasonably conclude that the offense was committed in the county alleged, the proof of venue is sufficient." Again, in the case of Abrigo v. State, 29 Texas Crim. App., 143, this court says: "It is not essential that the venue of the offense be established by positive testimony, but only that from the facts in evidence the jury may reasonably conclude that the offense was committed in the county alleged." In this case the indictment charged that the forged notes were forged in Concho County. The evidence showed that the deed and notes were written at Eden, Texas, on April 6, 1904, payable to appellant. The land was described as located in Concho County.

Moss, who lived in Concho County prepared the notes and prepared them in Concho County and delivered them to appellant in this county. Appellant lived in Concho County. There is no suggestion or fact raising the inference that they were forged elsewhere than in Concho County. We think that this evidence raises a reasonable inference that they must have been and were forged in the county charged.

Finding no error in the judgment of the court below, it is ordered that the same be and it is hereby in all things affirmed.

*Affirmed.*