### Alex Rix v. The State.

No. 920.   Decided March 1, 1911.

**Rape—Age of Prosecutrix—Insufficiency of the Evidence.**

Where, upon trial of rape, there was much conflict in the State's testimony as to the age of the prosecutrix, and the jury based their verdict upon the testimony of a witness who fixed the age of the prosecutrix above that of the age of consent, the conviction could not be sustained.

Appeal from the District Court of Cherokee.   Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Lee Lloyd,* for appellant.—Cited Withers v. State, 30 Texas Crim. App., 383; Bland v. State, 4 Texas Crim. App., 15; Wooldridge v. State, 13 Texas Crim. App., 443.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for rape on a girl under fifteen years of age, his punishment being assessed at five years in the State penitentiary.

The amended motion for new trial sets out, first, that the verdict of the jury is contrary to the evidence and that it was obtained in such a manner that it ought not to stand. The motion does not allege corruption or intentional misconduct on the part of the jury, but that the misconduct is more in the nature of a mistake. The serious question in the case is the age of the prosecutrix, and around this fact hang both propositions insisted upon by appellant. The prosecutrix testified that at the time she was testifying she was fourteen years old "this last gone December." This would make her fourteen years of age in December, 1909. If this testimony is to be credited, she was born in December, 1895. The intercourse, she says, was had in 1908, and to her was born a child, in July, 1909. She knew nothing of her age except as told her by her parents. Georgia Turner, mother of prosecutrix, testified on the trial that the prosecutrix was born in December, 1896, in Palestine, Anderson County. She was put through rather a rigid cross-examination, and it is shown that she told Mr. Lloyd, in an interview in his office, that the prosecutrix was born in 1892. She subsequently told the same witness that the prosecutrix was born in 1893. Lloyd's testimony in this respect, is substantially as follows: That Georgia Turner came to his office and said something about this case and the law. "She first told me the girl was born in 1892, and then she afterwards told me she was born in 1893." He says he then informed her the girl was too old, and gave her the date she swore to on the trial, the 14th day of December, 1896, or the 18th day of December, 1896, and he says he told her that if the girl was of that age, defendant had violated the law. That is the date the witness says he gave her, and that is what she swore to on the trial. He further testified that she did not know anything about prosecutrix' age, and the father did not know anything about it. The court ruled out the statement of the father as not being evidence. The prosecuting officer, on cross-examination, asked this witness if, after he got the witness in his office, he had not trapped her, and if he had not made the statement that he had trapped her. The

witness said he did not think he made any such statement, but used that expression in speaking to the justice of the peace; that he did not use any expression at all that he had trapped them, but did use a statement to the justice of the peace, but which was inadmissible. The State was willing for it to come, and the witness said: "Well, I was talking to the justice of the peace before they filed complaint, one day, and I told him that I had given them a date, and I was satisfied that they were going to use that to trap this defendant with." This was the testimony of Mr. Lloyd. Kathryn Hodges fixed the birth of prosecutrix at some time before August, 1896, and that the prosecutrix was then a child at her mother's breast. Professor Buck fixes the age of prosecutrix by the scholastic census rolls, which began September 1, 1904, and ran to August 31, 1905, as being nine years of age at that time. Captain S. P. Allen, who took a scholastic enumeration, fixes the date of the prosecutrix' birth as December 15, 1892. This scholastic census age was sworn to, so far as the age of prosecutrix was concerned, by her mother, the witness, Georgia Turner. Robinson, a school teacher, says that the prosecutrix was attending school in 1902, and was then seven or eight years of age. Martha Thompson says the prosecutrix was a scholar in 1902-1903, nine years of age. Mr. Andrews, in his census report of the scholastic children, shows that Georgia Turner, mother of prosecutrix, gave prosecutrix' birth as having occurred on September 11, 1892, and a succeeding daughter, Blossie Turner, as having been born December 26, 1896. Mr. Allen, in his census report, shows that Georgia Turner, mother of Pearlie Turner, prosecutrix, gave the age of prosecutrix as having been born on December 15, 1892. The report occurred in May, 1905. He also gives the age of Blossie May Turner in this report, giving the date of her birth as December 25, 1896. These ages were sworn to by Georgia Turner, mother of prosecutrix. The scholastic age taken by Mr. Andrews was in 1909, and Georgia Turner, in that report, swore on the 11th day of May, 1909, that Pearlie Turner, prosecutrix, was born September 11, 1892, and that her next daughter, Blossie, was born on December 26, 1896. This census was taken, and report made, some time after the alleged rape, which occurred in 1908. These reports and statements, under the oath of prosecutrix' mother, and the various ages assigned to the prosecutrix, show practically that she was born every year from and including 1892 to 1896. Perhaps the record of our jurisprudence will not show where any one person was born, as often as was this girl. The date of her birth, as given by her mother, seems to vary sometimes for one reason and sometimes for another reason. For the purpose of this prosecution, she swore the prosecutrix was born in 1896. For school purposes, she swore she was born in 1892. She seems to have been born on the 11th day of September, in some of these years, and on the 15th of September in one of the years, and on the 16th of December, 1896, in another one of the years shown by the statements. If her statement now on this

trial is true, the prosecutrix was born on the 15th, 16th and 19th of December, 1896, as those dates all seem to have been sworn to. Then under the census enumeration, the prosecutrix and the next daughter, Blossie, were born in a week or such a matter of each other. She shows in one of the reports, that Blossie was born on the 26th of December, 1896. She now swears that Pearlie, prosecutrix, was born on December 19, 1896, or seven days before the other child was born. This was sworn to on the 11th day of May, 1909, after the alleged rape. On the fifth day of May, in an affidavit before Captain Allen, scholastic census enumerator, the same witness, mother of prosecutrix, swore that Blossie Turner was born on December 25, 1896. Now she swears that prosecutrix, older than Blossie, was born on the 19th day of December, 1896. This witness, to say the least of it, seems to have lapses of memory, and under the evidence of Mr. Lloyd, her testimony was adjusted to fit this case, after she had told him that the prosecutrix was born in 1892, and that he warned the justice of the peace of this fact, and he gave her certain dates. Some Judge in one of the early decisions of Texas, uses this statement or quotation: "that the juries look with holy horror upon amended swearing." If there is a case where this expression would seem to be applicable, it would be this case.

It is shown by the affidavits of the jurors, one of whom was the foreman, Mr. John H. Bolton, that after the jury retired to the jury room, altogether there were seven for acquittal and five for conviction, the five believing she was under fifteen years of age; whereas, those for acquittal thought her over fifteen years of age. Finally, it seems to have been agreed, or at least acted upon, that Mr. Bolton would take the testimony of Captain Allen as fixing the correct age of the prosecutrix, and from that the verdict was to be figured. In the affidavit this seems to be made apparent, and in fact it is unquestioned; and Mr. Bolton states in his affidavit that after the verdict was returned, he went over the matter and ascertained that instead of prosecutrix being under fifteen years of age, under the agreed testimony of Mr. Allen, she was over fifteen. Allen's testimony is to the effect as sworn to in the affidavit, and sworn to by Georgia Turner, in the report of the Census that prosecutrix was born on December 15, 1892. The prosecutrix was not very definite with reference to when the act of intercourse first occurred, but it was probably fixed to be along in the spring—April or May, 1908. Taking the year 1892 as the year of the birth of the prosecutrix, then under this statement of Mr. Allen, which was made the basis of the verdict, prosecutrix would be fifteen years of age on the 25th of December, 1907. The earliest act of intercourse shown by the prosecutrix was in the following April or May, 1908. So it will be seen, taking the verdict and the basis shown by the jurors, and which they agree to render and did render their verdict on the compilation of Mr. Bolton, the prosecutrix was over fifteen years of age at the time the first act of

intercourse occurred. The prosecutrix' baby was born in July, 1909. So it will be seèn that Georgia Turner, mother of prosecutrix, made the statement to Mr. Lloyd after the alleged rape, some time not definitely fixed, and that just before the birth of the child, which occurred in July, the mother of prosecutrix made the affidavit before Mr. Andrews, the census enumerator, that the prosecutrix was born in September, 1892, and that Blossie Turner was born in December, 1896. Under the statement made under oath, before Mr. Andrews, the prosecutrix was over fifteen years of age, and the affidavit was made after the alleged rape, and only a short time before the birth of the child. While it is only in extreme cases, and in order that patent injustice may not be done, we are of opinion that in view of the evidence of the age of the prosecutrix, and of the fact . that the jury agreed to fix the age by Mr. Allen's testimony, and practically to be bound by it, and were bound by it, that this verdict ought not to stand. That it comes to us in such condition and under such circumstances that this conviction ought not to stand. We are of the opinion that this case comes within the rule laid down by this court in McCane v. State, 33 Texas Crim. Rep., 476. The parties to this prosecution are all negroes.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*