### O. A. Allen v. The State.

#### No. 4784.  Decided December 19, 1917.

**1.—Perjury—Venue—Bill of Exceptions.**

Where the bill of exceptions did not show that the venue was not proved, and only contained the reason assigned by the defendant for his exceptions, this did not verify the fact decided on these grounds, nor did it set out the evidence so as to negative the proof of venue, besides the circumstances and testimony in the case were sufficient to prove the venue.  Following McGlasson v. State, 38 Texas Crim. Rep., 351, and other cases.

**2.—Same—Credible Witnesses—Corroboration.**

Where, upon trial of perjury, the corroborating testimony of a credible witness is strongly corroborated both by direct testimony and circumstantial evidence the requirements of the statute are satisfied.  Following Franklin v. State, 38 Texas Crim. Rep., 346, and other cases.

**3.—Same—Rule Stated—Proof Required.**

It is not required in perjury that the State's witnesses must swear directly adversely to the alleged false statement, but it is sufficient when the facts sworn to, if true, conclusively demonstrate the defendant swore falsely.  Following Maines v. State, 26 Texas Crim. App., 14, and other cases.

**4.—Same—Evidence—Credibility of Witness.**

Upon trial of perjury there was no error to show on cross-examination of defendant that he had been charged with seduction.  Following Chance v. State, 63 Texas Crim. Rep., 602, and other cases.

**5.—Same—Evidence—Res Gestae—Argument of Counsel.**

Where, upon trial of perjury, the acts of third parties was res gestae and in evidence without objection, there was no error in permitting the district attorney to comment thereon.

Appeal from the District Court of Titus.  Tried below before the Hon. J. R. Warren.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rogers & Cook,* for appellant.—On question of credible witnesses in perjury cases:  Brookes v. State, 29 Texas Crim. App., 582.

Upon question of attacking credibility of witness:  Hartless v. State, 32 Texas, 81; Wliliam v. State, 40 Texas Crim. Rep., 497; Dimry v. State, 41 id., 272.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This conviction is for perjury.  The indictment

charged perjury before the grand jury of Titus County in making under oath therein a false statement by appellant that he had bought whisky from John Lennox. Some of the grand jurors testified to the facts in detail showing that appellant appeared before the grand jury; that the oath was duly administered, and that appellant gave the testimony set out in the indictment.

The record shows that the trial was had at the June term of the District Court of Titus County, in 1917, and that the indictment was returned in said court at that term, it having been filed on the 19th day of June, 1917. Upon this indictment appellant was arraigned, and it, with its endorsements, was in the hands of the grand jury. It was signed F. E. Fleming, foreman of the grand jury.

The appellant presented a special charge, which was refused and is preserved in bill of exceptions No. 1, from which it appears the court was requested to instruct a verdict of not guilty, to which exception was reserved in the following language: "to which action of the court the defendant by his counsel then and there excepted on the ground that the State failed to prove that the false statements which the defendant was charged in the indictment under which he was tried herein to have made, was made in Titus County, Texas; and because the testimony failed to show that the grand jury of which F. E. Fleming was foreman, and before which the State's testimony showed that said false statements were made, was a grand jury in and for Titus County, Texas, or any other county, or in the State of Texas.

"Defendant here now insists that venue was not proven in said case as is required by law, and for said peremptory instruction should have been given."

Article 938, Code of Criminal Procedure, contains the following with reference to the procedure in the Court of Criminal Appeals: "In all cases the court shall presume that the venue was proven in the court below, unless such matter was made an issue in the court below, and it affirmatively appears to the contrary by bill of exceptions." Soon after this statute was enacted, in 1897, this court, in the case of McGlasson v. State, 38 Texas Crim. Rep., 351, a case in which a special charge in substance like the one in question here, expressed itself as follows: "It occurs to us that this statute requires the court to indulge the presumption that the venue was proved in the court below, unless the bill of exceptions shows affirmatively that it was not proved. This would seem to apprehend that, before we can treat the venue as not proved, the court must either certify that the evidence did not establish the venue, or that said bill of exceptions should contain all the testimony in the case tending to show venue, and certify that same was all the testimony bearing upon that issue; and from this statement of the testimony it affirmatively appears that the venue in the case was not proved. If this be a true construction of said article, then the bill in question does not comply with the requirements of the law." Since that decision

was rendered it has been followed as stating the correct rule. Lane v. State, 69 Texas Crim. Rep., 65, 152 S. W. Rep., 897; Johnson v. State, 72 Texas Crim. Rep., 387; Scott v. State, 42 Texas Crim. Rep., 607; Garrett v. State, 61 Texas Crim. Rep., 515; Brown v. State, 71 Texas Crim. Rep., 353. Venue may be proved by circumstantial evidence, Steadham v. State, 40 Texas Crim. Rep., 43; Pye v. State, 71 Texas Crim. Rep., 94, and its proof beyond a reasonable doubt is not required. Johnson v. State, 72 Texas Crim. Rep., 387. The bill of exceptions to the refusal of the charge mentioned does not set out the evidence so as to negative the proof of venue, nor does it certify as a fact that venue was not proved. The bill contains only the reasons assigned by appellant for his exception. This does not verify the facts recited in these grounds. Branch's Ann. P. C., p. 134, sec. 209; Smith v. State, 4 Texas Crim. App., 630; Arnold v. State, 74 Texas Crim. Rep., 269, 168 S. W. Rep., 125. If, however, the record and statement of facts is looked to we find that at a term of the District Court of Titus County beginning the 4th of June, 1917, the indictment in this case, signed F. E. Fleming, foreman, was filed the 19th day of June, 1917, and that at the trial of appellant during the same term the witness F. E. Fleming testified that he was foreman of the present grand jury which had been in session about fifteen days, and that appellant appeared before it and testified, and he and another grand juror testified that the evidence given by the appellant before the grand jury of which they were members related to an investigation as to whether appellant purchased whisky from John Lennox or not. The circumstances and testimony thus developed were, we think, sufficient to establish the fact that the transaction described in the indictment took place before the grand jury of Titus County in that county. McGlasson v. State, 38 Texas Crim. Rep., 351; Vernon's C. C. P., p. 899, note 4, and cases cited; Diggs v. State, 7 Texas Crim. App., 359; Murphy v. State, 55 Texas Crim. Rep., 318, and other cases listed in Branch's Ann. P. C., p. 235, sec. 451.

The evidence shows that appellant testified before the grand jury that he purchased whisky from John Lennox. Appellant testified on the trial that he did purchase a bottle of whisky from John Lennox and paid him therefor, giving specific details as to the time and place of the sale. It appears from appellant's testimony and that of State's witnesses that on a night in April, 1917, a man by the name of Ragland, his wife and a young lady, Miss Hill, were riding in Ragland's hack, and that appellant, who was riding horseback, joined them, tied his horse to the hack and rode with them; that Ragland had a pint of whisky which the party drank, and that Ragland then suggested to appellant that if he, appellant, would buy some more whisky that he, Ragland, would furnish the money. That appellant agreed to do so and left the party for a time, as to the length of which the evidence is conflicting, and returned with a quart of whisky, and that he told Miss Hill on his return that he got the whisky from a Mrs. Hall, Mr. Ab Hall's wife. Miss Hill testified that the morning after appellant got

the whisky he told her that if anything was said about where he got the whisky to say that he got it from John Lennox, and told her that he got it from John Lennox. John Lennox denied selling appellant any whisky; denied seeing him on the night in question, claiming that he was at his home where his father and mother resided; that he retired early and did not leave his house that night. His testimony was corroborated by his father and mother. The appellant testified that he was charged with giving the girl, Miss Hill, whisky and making her drunk; that he ran off the night they arrested him, and that Grover Holcomb came and got him, and that the officers told him if he would tell from whom he got the whisky they would not put him in jail. Appellant claimed that when he went to buy the whisky he met Lennox some two hundred yards from Lennox's house and there got the whisky from him.

The appellant insists that the evidence fails to meet the requirements of the statute which requires proof of perjury by two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the statement under oath. John Lennox, who meets the requirements of a credible witness, testified to facts showing the falsity of appellant's testimony in the grand jury room; that is to say, that Lennox testified he did not sell appellant whisky. Appellant, by his testimony, identifies the time and place of the alleged purchase with accuracy. The testimony of the father and mother of Lennox, if believed, was sufficient to establish the fact that at the time appellant claims to have purchased the whisky from John Lennox, that the latter was at his home some distance from the place where appellant claims he met him, and from their testimony, if believed, the jury was authorized to find that appellant's statement that he bought the whisky at the only time and place he claims to have bought it from John Lennox, was not true. This corroborating evidence is supplemented by the testimony of Miss Hill to the effect that when appellant returned with the whisky in his possession he stated that he got it from Mrs. Hall, and by her further testimony that on the following day, when it circumstantially appears that appellant anticipated that trouble would grow out of the transaction, he told her that if the question was raised about where he got the whisky to say that he got it from John Lennox. The testimony of the father and mother of Lennox strongly tended to show the falsity of appellant's testimony before the grand jury to the effect that he did buy the whisky from John Lennox. Franklin v. State, 38 Texas Crim. Rep., 346. Mr. Branch, in his Texas Annotated Penal Code, page 480, makes the following statement which is pertinent: "It is not required that the State's witnesses must swear directly adversely to the alleged false statement, but it is sufficient when the facts sworn to, if true, conclusively demonstrate that defendant swore falsely. Maines v. State, 26 Texas Crim. App., 22, 9 S. W. Rep., 51; Beach v. State, 32 Texas Crim. Rep., 240, 22 S. W. Rep., 976; Miles v. State,

76 Texas Crim. Rep., 493, 165 S. W. Rep., 567; Hart v. State, 42 Texas Crim. Rep., 385, 60 S. W. Rep., 673."

A bill of exceptions complains of the fact that the trial court refused to sustain an objection to an inquiry made to appellant while he was on cross-examination, as to whether he had been charged with seduction. This character of testimony is admissible as affecting credibility. Ross v. State, 40 Texas Crim. Rep., 352; White v. State, 61 Texas Crim. Rep., 416; Bedford v. State, 75 Texas Crim. Rep., 309, 170 S. W. Rep., 727; Warren v. State, 33 Texas Crim. Rep., 502; Rutherford v. State, 34 S. W. Rep., 271; Chance v. State, 63 Texas Crim. Rep., 602; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W. Rep., 1053.

There was evidence that Miss Irene Hill, the young lady who was with appellant at the time he was in the wagon mentioned above, took several drinks of whisky with the appellant, and evidence from which the jury was justified in concluding that it made her drunk. This was a part of the res gestae and in evidence without objection, and the comment upon it by the district attorney, complained of in appellant's bill of exceptions, was not unwarranted.

Finding the evidence sufficient to support the conviction, and no reversible error in the conduct of the trial, the judgment of the lower court is affirmed.

*Affirmed.*