[1] If appellant made an assault with intent to rape, his abandonment would not excuse him. Shepard v. State, 34 Tex. Cr. R. 35, 28 S. W. 816. As said by Mr. Branch:

"If the testimony shows an assault coupled with a present intention to have carnal knowledge of the woman without her consent by force and at all hazards, it will support a conviction for assault with intent to rape, though defendant fled or desisted when assistance came." Stout v. State, 22 Tex. App. 339, 3 S. W. 231; Branch's Ann. P. C., and cases listed, p. 966.

The same author, in section 1700, p. 966, of Branch's Ann. P. C., citing many authorities, including Pefferling v. State, 40 Tex. 492, and Taff v. State, 65 Tex. Cr. R. 80, 143 S. W. 1156, states the rule as follows:

"When the female is not alleged to have been under the age of consent, to be guilty of an assault * * * to commit rape the defendant must have made an assault upon the woman with the intent to then have carnal knowledge of her by the use of such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case, and if his intention falls short of this, he is not guilty of an assault with intent to rape, however outrageous the assault may be. There must be sufficient evidence to authorize the jury to believe that it was his intention to have the carnal knowledge at the time at all hazards; that he intended to use sufficient force to accomplish his purpose notwithstanding any resistance the woman might make."

The same author, at section 1712, p. 969, stating the rule with reference to the necessity of a charge on aggravated assault in this character of case, uses the following language, and cites the following authorities:

"There is a manifest difference between an assault with intent to commit rape and an assault with intent to have an improper connection; any such violent and indecent familiarity with the person of a woman against her will when the latter is the extent of the purpose and intent of defendant, is an aggravated assault, and if the testimony raises such issue it is error to fail or refuse to charge on aggravated assault. Pefferling v. State, 40 Tex. 492; Curry v. State, 4 Tex. App. 578; Thomas v. State, 16 Tex. App. 535; McGee v. State, 21 Tex. App. 670, 2 S. W. 890; Robertson v. State, 30 Tex. App. 498, 17 S. W. 1068; Shields v. State, 32 Tex. Cr. R. 503, 23 S. W. 893; Cox v. State, 44 S. W. 157; McCullough v. State, 47 S. W. 990; Taylor v. State, 50 Tex. Cr. R. 362, 97 S. W. 94 [123 Am. St. Rep. 844]; Taff v. State [65 Tex. Cr. R. 80], 143 S. W. 1156."

Such is the general rule. Wharton, Crim. Law, § 48, and notes.

[2] In a prosecution for this offense in which there is no evidence from which the jury might conclude that the assault, if made, was made with the intent to accomplish rape by the use of force necessary to overcome resistance, the submission of the issue of aggravated assault is not called for.

Long v. State, 46 S. W. 640; Ricks v. State, 48 Tex. Cr. R. 229, 87 S. W. 345; Herbert v. State, 49 Tex. Cr. R. 72, 90 S. W. 653. This is the principle relied upon by the state to support the action of the trial court in refusing to give the special charge requested. We regard this as an erroneous view as applied to the facts of this case. The assault proved, we think, was made under circumstances which raised the issue of fact as to whether the intent of the appellant was to force the injured party over all resistance to submit to sexual intercourse. The assault is made at a time of the day when it was subject to the observation of persons near by, at a place within a few yards, and in plain view of a large gathering of people, and upon a road which some of the people at the gathering were at the time traveling so close to appellant and his victim that members of the party with them got into the vehicles passing. At the time of the assault the injured female was accompanied by several people, including her aunt, her sister, and her cousin, with her uncle only a few yards away, and within calling distance of a number of people gathered at the picnic.

A refusal of the court to submit to the jury the issue of aggravated assault was, we think, under the circumstances, error requiring a reversal of the judgment, which is ordered.

ALLEN v. STATE. (No. 4784.)

(Court of Criminal Appeals of Texas. Dec. 19, 1917.)

1. CRIMINAL LAW ⬥564(3)—VENUE—PROOF.
Venue in a criminal action may be shown by circumstantial evidence, and need not be proven beyond a reasonable doubt.

2. CRIMINAL LAW ⬥1117—APPEAL—VENUE OF ACTION—PRESUMPTION.
Under Code Cr. Proc. 1911, art. 938, providing that on appeal venue will be presumed to have been proven, unless made an issue in the court below, to review the question as to whether venue was proved, the bills of exceptions must certify either that venue was not proved, or set out all the evidence bearing on the issue.

3. CRIMINAL LAW ⬥564(1)—VENUE—PROOF.
In a prosecution for perjury before the grand jury, evidence held sufficient to establish the fact that the crime had been committed in the county charged.

4. PERJURY ⬥33(1)—PROOF—SUFFICIENCY.
Evidence held sufficient to support a conviction of perjury.

5. WITNESSES ⬥337(6)—CREDIBILITY—CROSS-EXAMINATION.
In a prosecution for perjury, it was admissible, as affecting credibility, to ask defendant on cross-examination if he had been charged with seduction.

6. CRIMINAL LAW ⬥720(3) — COMMENT BY PROSECUTING ATTORNEY—EVIDENCE.
In a prosecution for perjury, evidence that defendant got a certain female drunk on whisky which he was charged with having testified falsely to have bought from a certain person, having told the girl that he bought it one place but for her to say he got it somewhere else, being part of the res gestæ and admitted with-

out objection, it was proper for the district attorney to comment thereon.

Appeal from District Court, Titus County; J. R. Warren, Judge.

O. A. Allen was convicted of perjury, and he appeals. Affirmed.

Rogers & Cook, of Mt. Pleasant, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This conviction is for perjury. The indictment charged perjury before the grand jury of Titus county in making under oath therein a false statement by appellant that he had bought whisky from John Lennox. Some of the grand jurors testified to the facts, in detail, showing that appellant appeared before the grand jury; that the oath was duly administered, and that appellant gave the testimony set out in the indictment.

The record shows that the trial was had at the June term of the district court of Titus county in 1917, and that the indictment was returned in said court at that term, it having been filed on the 19th day of June, 1917. Upon this indictment appellant was arraigned, and it with its indorsements was in the hands of the grand jury. It was signed F. E. Fleming, foreman of the grand jury.

The appellant presented a special charge, which was refused and is preserved in bill of exceptions No. 1, from which it appears the court was requested to instruct a verdict of not guilty, to which exception was reserved in the following language:

"To which action of the court the defendant, by his counsel, then and there excepted, on the ground that the state failed to prove that the false statements, which the defendant was charged, in the indictment under which he was tried herein, to have made were made in Titus county, Tex., and because the testimony failed to show that the grand jury of which F. E. Fleming was foreman, and before which the state's testimony showed that said false statements were made, was a grand jury in and for Titus county, Tex., or any other county, or in the state of Texas. Defendant here now insists that venue was not proven in said case as is required by law, and for said peremptory instruction should have been given."

Article 938, C. C. P., contains the following with reference to the procedure in the Court of Criminal Appeals:

"In all cases, the court shall presume that the venue was proven in the court below, * * * unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by a bill of exceptions."

Soon after this statute was enacted in 1897, this court, in the case of McGlasson v. State, 38 Tex. Cr. R. 360, 43 S. W. 93, a case in which a special charge in substance like the one in question here, expressed itself as follows:

"It occurs to us that this statute requires the court to indulge the presumption that the venue was proved in the court below, unless the bill of exceptions shows affirmatively that it was not proved. This would seem to appre-hend that, before we can treat the venue as not proved, the court must either certify that the evidence did not establish the venue, or that said bill of exceptions should contain all the testimony in the case tending to show venue, and certify that same was all the testimony bearing upon that issue; and from this statement of the testimony it affirmatively appears that the venue in the case was not proved. If this be a true construction of said article, then the bill in question does not comply with the requirements of the law."

Since that decision was rendered it has been followed as stating the correct rule. Lane v. State, 69 Tex. Cr. R. 65, 152 S. W. 899; Johnson v. State, 72 Tex. Cr. R. 389, 162 S. W. 512; Scott v. State, 42 Tex. Cr. R. 607, 62 S. W. 419; Garrett v. State, 61 Tex. Cr. R. 515, 135 S. W. 532; Brown v. State, 71 Tex. Cr. R. 353, 162 S. W. 339.

[1, 2] Venue may be proved by circumstantial evidence (Steadham v. State, 40 Tex. Cr. R. 43, 48 S. W. 177; Pye v. State, 71 Tex. Cr. R. 94, 154 S. W. 222), and, its proof beyond a reasonable doubt is not required (Johnson v. State, 72 Tex. Cr. R. 387, 162 S. W. 512). The bill of exceptions to the refusal of the charge mentioned does not set out the evidence so as to negative the proof of venue nor does it certify as a fact that venue was not proved. The bill contains only the reasons assigned by appellant for his exception. This does not verify the facts recited in these grounds. Branch's Ann. P. C. p. 134, § 209; Smith v. State, 4 Tex. App. 630; Arnold v. State, 74 Tex. Cr. R. 269, 168 S. W. 125.

[3] If, however, the record and statement of facts is looked to, we find that at a term of the district court of Titus county beginning the 4th of June, 1917, the indictment in this case, signed F. E. Fleming, foreman, was filed the 19th day of June, 1917, and that at the trial of appellant during the same term the witness F. E. Fleming testified that he was foreman of the present grand jury which had been in session about 15 days, and that appellant appeared before it and testified, and he and another grand juror testified that the evidence given by the appellant before the grand jury of which they were members related to an investigation as to whether appellant purchased whisky from John Lennox or not. The circumstances and testimony thus developed were, we think, sufficient to establish the fact that the transaction described in the indictment took place before the grand jury of Titus county in that county. McGlasson v. State, 38 Tex. Cr. R. 360, 43 S. W. 93; Vernon's C. C. P. p. 899, note 4, and cases cited; Deggs v. State, 7 Tex. App. 359; Murphree v. State, 55 Tex. Cr. R. 318, 115 S. W. 1189, and other cases listed in Branch's Ann. P. C. p. 235, § 451.

The evidence shows that appellant testified before the grand jury that he purchased whisky from John Lennox. Appellant testified on the trial that he did purchase a bottle of whisky from John Lennox and paid him therefor, giving specific details as to the

time and place of the sale. It appears from appellant's testimony and that of state's witnesses that on a night in April, 1917, a man by the name of Ragland, his wife, and a young lady, Miss Hill, were riding in Ragland's hack, and that appellant, who was riding horseback, joined them, tied his horse to the hack, and rode with them; that Ragland had a pint of whisky which the party drank, and that Ragland then suggested to appellant that if he (appellant) would buy some more whisky that he (Ragland) would furnish the money; that appellant agreed to do so and left the party for a time, as to the length of which the evidence is conflicting, and returned with a quart of whisky, and that he told Miss Hill on his return that he got the whisky from a Mrs. Hall, Mr. Ab Hall's wife. Miss Hill testified that the morning after appellant got the whisky he told her that if anything was said about where he got the whisky to say that he got it from John Lennox, and told her that he got it from John Lennox. John Lennox denied selling appellant any whisky; denied seeing him on the night in question, claiming that he was at his home where his father and mother resided; that he retired early and did not leave his house that night. His testimony was corroborated by his father and mother. The appellant testified that he was charged with giving the girl, Miss Hill, whisky and making her drunk; that he ran off the night they arrested him, and that Grover Holcomb came and got him, and that the officers told him if he would tell from whom he got the whisky they would not put him in jail. Appellant claimed that when he went to buy the whisky he met Lennox some 200 yards from Lennox's house and there got the whisky from him.

[4] The appellant insists that the evidence fails to meet the requirements of the statute which requires proof of perjury by two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the statement under oath. John Lennox, who meets the requirements of a credible witness, testified to facts showing the falsity of appellant's testimony in the grand jury room; that is to say, that Lennox testified he did not sell appellant whisky. Appellant by his testimony identifies the time and place of the alleged purchase with accuracy. The testimony of the father and mother of Lennox, if believed, was sufficient to establish the fact that, at the time appellant claims to have purchased the whisky from John Lennox, the latter was at his home some distance from the place where appellant claims he met him, and from their testimony, if believed, the jury was authorized to find that appellant's statement that he bought the whisky at the only time and place he claims to have bought it from John Lennox was not true. This corroborating evidence is supplemented by the testimony of Miss Hill to the effect that when appellant returned with the whisky in his possession he stated that he got it from Mrs. Hall, and by her further testimony that on the following day, when it circumstantially appears that appellant anticipated that trouble would grow out of the transaction, he told her that if the question was raised about where he got the whisky to say that he got it from John Lennox. The testimony of the father and mother of Lennox strongly tended to show the falsity of appellant's testimony before the grand jury to the effect that he did buy the whisky from John Lennox. Franklin v. State, 38 Tex. Cr. R. 346, 43 S. W. 85. Mr. Branch, in his Texas Annotated P. C. p. 480, makes the following statement which is pertinent:

"It is not required that the state's witnesses must swear directly adversely to the alleged false statement, but it is sufficient when the facts sworn to, if true, conclusively demonstrate that defendant swore falsely. Maines v. State, 26 Tex. App. 22, 9 S. W. 51; Beach v. State, 32 Tex. Cr. R. 240, 22 S. W. 976; Miles v. State [73 Tex. Cr. R. 493], 165 S. W. 567; Miller v. State, 42 Tex. Cr. R. 385, 60 S. W. 673."

[5] A bill of exceptions complains of the fact that the trial court refused to sustain an objection to an inquiry made to appellant while he was on cross-examination, as to whether he had been charged with seduction. This character of testimony is admissible as affecting credibility. Ross v. State, 40 Tex. Cr. R. 352, 50 S. W. 336; White v. State, 61 Tex. Cr. R. 498, 135 S. W. 562; Bedford v. State, 170 S. W. 727; Warren v. State, 33 Tex. Cr. R. 502, 26 S. W. 1082; Rutherford v. State, 34 S. W. 271; Chance v. State, 63 Tex. Cr. R. 602, 141 S. W. 113; Black v. State, 68 Tex. Cr. R. 151, 151 S. W. 1053.

[6] There was evidence that Miss Irene Hill, the young lady who was with appellant at the time he was in the wagon mentioned above, took several drinks of whisky with the appellant, and evidence from which the jury was justified in concluding that it made her drunk. This was a part of the res gestæ, and in evidence without objection, and the comment upon it by the district attorney, complained of in appellant's bill of exceptions, was not unwarranted.

Finding the evidence sufficient to support the conviction, and no reversible error in the conduct of the trial, the judgment of the lower court is affirmed.