## W. B. Cleveland v. The State.

### No. 3260. Decided May 2, 1906.

**Perjury—Character of Evidence Required.**

Where upon a trial for perjury the State's witness was successfully and thoroughly impeached by his sworn statement and other testimony, and there was no other testimony of another witness, and not such corroboration of the one witness by other facts and circumstances as the law requires, the same was insufficient under the statute to support a conviction for perjury.

Appeal from the District Court of Williamson. Tried below before Hon. V. L. Brooks.

Appeal from a conviction of perjury; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. K. Makemson & H. N. Graves,* for appellant.—On the question of the character of evidence necessary to sustain a conviction of perjury: Kitchen v. State, 14 S. W. Rep., 392; Smith v. State, 2 id., 542.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for perjury. Without stating the details of the allegation in the indictment accurately, the averment generally is that the alleged false statement consisted in appellant stating before Judge Wilcox, in a habeas corpus trial, that he had agreed with Lewis Reed, "to go in with him" in purchasing a keg of beer, and paid fifty cents as his pro rata share of the contents of the keg of beer when it arrived. This conversation or trade should have occurred on Monday or Tuesday before the arrival of the beer on Saturday. This is alleged to be materially false. The State sought to show the falsity of this statement by testimony to the effect that this did not occur; but that the conversation and agreement between Lewis Reed and appellant occurred on Saturday after the arrival of the keg of beer. Evidence was introduced as to appellant's contradictory statements, but the only evidence, as we understand this record, introduced to show the falsity of the statement imputed and to prove the truthfulness of the other statement, that the contract was entered into on Saturday after the arrival of the .beer, was through the evidence of the witness Reed. This witness was successfully and thoroughly impeached: not only by his sworn statement at the court of inquiry, but by his statements to others. This testimony, under our statute, is not sufficient. There must be evidence of two witnesses to prove the falsity of a statement imputed, or the evidence of one credible witness strongly corroborated by other facts and circumstances. If it could be held that Lewis Reed was a credible witness, after

being so thoroughly impeached, yet he is not corroborated as to the fact that the trade occurred between himself and appellant on Saturday, instead of on the previous Monday or Tuesday. Without going further into this question, we refer to Billingsley v. State, decided at the present term, and authorities there collated.

There were several bills of exception reserved to the ruling of the court which, under the view we have taken, are hardly necessary to be discussed. These relate to the introduction of evidence and other matters, as well as the overruling of the motion of appellant to have a correct certified copy of the indictment served upon him. Several of these bills we think are well taken. But as the evidence does not show a case under our statute, we will not discuss them. Because of the want of sufficient evidence to sustain the conviction, the judgment is reversed and the cause remanded.

*- Reversed and remanded.*

Brooks, Judge, absent.