## FLETCHER CLAY v. THE STATE.

No. 4071. Decided February 14, 1908.

**1.—Perjury—Words and Phrases—Charge of Court—Deliberately.**

Upon trial for perjury where the court charged ·that if the jury found from the evidence that defendant made through inadvertence, or under agitation, or by mistake the statement upon which the perjury was predicated to find him not guilty, there was no error in not specifically defining the word "deliberately."

**2.—Same—Charge of Court—Oath.**

Upon trial of perjury where the court charged that if the officer did not administer an oath to the defendant on the occasion when the defendant is alleged to have made the false statement to acquit the defendant, there was no error.

**3.—Same—Charge of Court—Burden of Proof—Date of Offense.**

Where upon trial for perjury, where the court charged that if the jury found and believed from the evidence that the game or games of cards upon which this perjury was based, were played at a different time than that alleged in the indictment, to acquit, there was no error.

**4.—Same—Oath Administered.**

Where upon trial for perjury, the same was based on the following oath: "Do you solemnly swear that you will true and correct answers make to all such questions as may be propounded to you on this occasion, to be the truth concerning the penal laws of Texas, so help you God," the same sufficiently complied with the statute.

**5.—Same—Charge of Court—Wilfully.**

Upon trial for perjury, where the court charged in defining the term "wilfully," that it meant that the act of the defendant was done with an evil intent, or without reasonable grounds to believe the act to be lawful, the definition was correct.

**6.—Same—Evidence—Oath Administered.**

Upon trial for perjury, there was no error in permitting a State's witness to testify that the defendant was sworn by the officer and the oath administered to him.

**7.—Same—Indictment—Questions Propounded.**

Where in a prosecution of perjury, the indictment alleged that the defendant testified with reference to a game of cards at a place not then and there a private residence, occupied by a family, alleging time and venue, it was sufficient, without setting forth the questions propounded to the witness as to time and place.

**8.—Same—Justice of the Peace—Administering Oath.**

Upon trial for perjury, there was no merit in the objection that the justice of the peace had no authority to administer the oath upon which the perjury was based, or that the same was not in writing.

**9.—Same—Evidence—Declarations of Defendant—Grand Jury.**

Upon trial for perjury there was no error in admitting the declarations of defendant made after he had been before the grand jury, to the effect that he and other parties would have to pay a fine for playing cards, and was not a revelation of the secrets of the grand jury.

Appeal from the District Court of Collin. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Abernathy & Mangum,* for appellant.—On charge of court in not defining the term "deliberately": Holt v. State, 48 Texas Crim. Rep., 559; 14 Texas Ct. Rep., 8; Mahan v. State, 9 Texas Ct. Rep., 749. On question of oath administered: Powell v. State, 28 Texas, 627. On question of variance as to time the alleged game of cards was played: Stanley v. State, 48 Texas Crim. Rep., 565; 14 Texas Ct. Rep., 5; Ray v. State, 48 Texas Crim. Rep., 122; 14 Texas Ct. Rep., 759; Buller v. State, 33 Texas Crim. Rep., 551; Cravey v. State, 33 Texas Crim. Rep., 557. On question of indictment: McDonald v. State, 47 Texas Crim. Rep., 227; Higgins v. State, 50 Texas Crim. Rep., 433.

*F. J. McCord,* Assistant Attorney-General, and *George P. Brown,* County Attorney, and *John Doyle,* Assistant, for the State.—On question of charge of court on term "deliberately": Steher v. State, 4 S. W. Rep., 80. On charge of court in the event defendant was not sworn: Nowlen v. State, 33 Texas Crim. Rep., 141. On question of indictment: Foreman v. State, 85 S. W. Rep., 809; McDonald v. State, 47 Texas Crim. Rep., 227; 84 S. W. Rep., 596; Bailey v. State, 41 Texas Crim. Rep., 141; 53 S. W. Rep., 117; Stanley v. State, 74 S. W. Rep., 318; Teague v. State, 51 Texas Crim. Rep., 523; 100 S. W. Rep., 401.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at two years confinement in the penitentiary.

Appellant's first ground of his motion for a new trial is, that the court erred in failing to define to the jury the meaning of the term "deliberately." The court did tell the jury, however, that if they found from the evidence that he made through inadvertence or under agitation or by mistake the statement upon which the perjury is predicated, to find him not guilty. Furthermore, the charge says a false statement made through inadvertence or under agitation or by mistake is not perjury. We think these sections of the charge cited cover appellant's complaint, and there was no error in not specially defining the word "deliberately."

Appellant further objects to this charge of the court: "On the other hand, if you find and believe from the evidence that the justice of the peace, J. W. Nichols, did not administer an oath to the defendant on the occasion when the defendant is alleged to have made the false statements then you will acquit the defendant." Clearly appellant cannot complain of this charge. The court, after charging that if he was sworn and made the false statements set up in the indictment, it would be perjury, and certainly it was correct to charge the converse if he did not do so he would not be guilty.

The fourth assignment of error complains that the court erred in charging the jury that "if they found and believed from the evidence that the defendant saw a game of cards played, or engaged in a game of cards with John Powell, John Lyon and Pete Wilcoxson, in Collin County, Texas, but you further find and beliecve from the evidence that the game or games were played at a different time than on and about the 15th day of September, 1906, then you will acquit the defendant," for the reason that said charge placed the burden upon the defendant to prove that the playing was at a different time other than that alleged in the indictment. We do not believe there is any merit in this position. Certainly, if he played at another time than that alleged in the indictment, he would not be guilty.

The oath administered to appellant was, as follows: "Do you solemnly swear that you will true and correct answers make to all such questions as may be propounded to you by the court on this occasion, to be the truth, concerning the penal laws of Texas, so help you God?" Appellant insists that this oath is not a legal oath, since the only authority that said officer had, if any, was to swear and examine the defendant with reference to violations of the penal laws of Texas. We understand the oath covers the very question that appellant insists the court could inquire into. The statute does not define any form of oath, and we see no legal objection to the one here administered. The justice might have added, touching violations of the penal laws of the State of Texas; but when he said concerning the penal laws of the State of Texas, we think it aptly carried the idea that he intended to convey.

The sixth assignment of error complains the court erred in defining the term "wilfully" wherein he charged that it meant that the act of the defendant was done with an evil intent or without reasonable grounds to believe the act to be lawful. We hold that the charge of the court was correct.

There was no error in the court permitting Ed Blakeman to testify that the defendant was sworn by the justice of the peace and the oath administered to him.

Appellant filed a motion to quash the indictment for the reason that same was insufficient, in that it did not show the questions put to the witness, and that same were so made as to direct his attention to a particular time and place, and was to call his attention to a transaction being investigated. The indictment alleges that defendant testified with ref-

erence to a game of cards at a place not then and there a private residence occupied by a family on and about the 15th day of September, 1906, in Collin County. We think the indictment is valid. It is often impossible to state the exact date of a month that a game of cards was played, and it sufficiently alleges that the game of cards was played with each other, since it states that he played with certain parties.

There is nothing in appellant's contention that the justice of the peace had no authority to administer the oath. The statute expressly authorizes it; nor is there any merit in the contention that the statement was not reduced to writing.

Bill of exceptions No. 3 shows the State's witness John Powell was asked the following question: "Do you remember the occasion when the defendant was before the grand jury? A. Yes. Q. Well, after he had been up here before the grand jury, did you and him have anything to say, or he to you about that game?" Here counsel objected to the question as a collateral offense and not admissible, and hearsay, and because it is not admissible to prove other charges and offense, which objection was overruled. Then the witness was asked the question, "When was it you saw Mr. Clay after he had been up before the grand jury? A. I saw him on Thursday night at the Woodmen Hall. Q. Was there not anything said there by him to you about this game at the time Mr. Panel came down there and you all run off? A. Yes, he (meaning Clay) told me that we would all have to pay a fine, that it had done been given away on us, and I asked him what made him do it, and he said that he had it to do, for there had been some one up there, and had done turned it in." This testimony was clearly admissible and is not a revelation of the secrets of a grand jury.

We have examined all of appellant's assignments of error, together with those above discussed, and we find no error in this record. The evidence clearly supports the verdict and the judgment is affirmed.

*Affirmed.*