### Eddie Johnson v. The State.

#### No. 2491. Decided October 22, 1913.

Rehearing denied November 26, 1913.

**1.—Perjury—Indictment.**

Where, upon trial of perjury, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Materiality of Statement.**

If the indictment for perjury alleges that the false statement was material to the issue on trial, it is sufficient without alleging the facts which show the materiality. Following Scott v. State, 35 Texas Crim. Rep., 11.

**3.—Same—Traverse and Negative.**

It was not necessary under the indictment for perjury to traverse and negative all of what defendant is alleged to have testified on the trial, but only such as was alleged to be false. Following Robertson v. State, 150 S. W. Rep., 893, and other cases.

**4.—Same—Evidence—Forged Instrument.**

Where, upon trial of perjury, the alleged forged note was identified, the same was properly admitted in evidence, although it may not have had any file marks on it.

**5.—Same—Signature of Defendant—Non Est Factum.**

Where the perjury was based on the testimony of the defendant in a civil case that he had not signed his name and did not make his mark or authorize any other person to do so to said note, and was admitted without objection in said civil suit, the contention that the record must show that the defendant

had filed his plea of non est factum in said suit is untenable. Qualifying Garrett v. State, 37 Texas Crim. Rep., 198.

**6.—Same—Charge of Court—Deliberately—Wilfully—Article 743.**

Where, upon trial of perjury, the evidence did not raise the issue of mistake, inadvertence or agitation, and defendant's only defense was that he did not sign or authorize any one to sign for him the alleged note, and no special charge being requested, the failure of the court to define the words, "deliberately and wilfully," did not present reversible error under article 743, Code Criminal Procedure, the lowest penalty being assessed. Following Brown v. State, 9 Texas Crim. App., 171, and other cases. Distinguishing Windon v. State, 56 Texas Crim. Rep., 198, and other cases.

**7.—Same—Charge of Court—General Objections.**

An objection to the charge of the court that the same did not state the law applicable to the charge in the indictment and the facts introduced on the trial, without pointing out the objection, and solely presented by bill of exceptions long after the adjournment of the court can not be considered on appeal.

**8.—Same—Verdict—Misspelling.**

The misspelling of the word, "guilty," presented for the first time by bill of exceptions long after the adjournment of the term comes too late; besides, the same did not vitiate the verdict.

Appeal from the District Court of Austin. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Buchanan & Stone* and *Johnson, Matthaei & Thompson* and *C. C. Glenn,* for appellant.—On question of plea of non est factum: Garrett v. State, 39 S. W. Rep., 108; Lawrence v. State, 2 Texas Crim. App., 479; Emery v. State, 57 Texas Crim. Rep., 423; Grounds v. Sloan, 73 Texas, 662.

On question of deliberately and wilfully: Holt v. State, 89 S. W. Rep., 838; Owens v. State, 19 Texas Crim. App., 242; Mahon v. State, 79 S. W. Rep., 28; Windom v. State, 119 S. W. Rep., 309.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of plea of non est factum: Smith v. State, 31 Texas Crim. Rep., 315; Schooler v. State, 52 id., 331; Anderson v. State, 24 Texas Crim. App , 705; Kelley v. State, 51 Texas Crim. Rep., 507.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of perjury and his punishment fixed at the lowest prescribed by law.

There was no motion to quash the indictment made in the lower court, but there was a motion, made some nine days after the trial, in arrest of judgment claiming that the indictment was insufficient. The indictment follows substantially, if not literally, the form therefor in White's Ann. P. C., sec. 334, and Willson's, No. 137, in his 4th Ed. of forms therefor:

"If the indictment alleges that the false statement was material to

the issue on trial it is sufficient without alleging the facts which show the materiality." Sec. 332, subdiv. 6, White's Ann. P. C., and cases there cited; Scott v. State, 35 Texas Crim. Rep., 11.

It was not necessary under the indictment to traverse and negative each and all of what appellant is alleged to have testified on the trial. It was only necessary to negative such of his testimony as was alleged to be false. Robertson v. State, 150 S. W. Rep., 893, and Young v. State, 70 Texas Crim. Rep., 434, 157 S. W. Rep., 151, and cases cited in both of these.

The court did not err in admitting the note in evidence. The note was produced and unquestionably identified as the note sued upon in the Justice Court in the trial of which case the perjury is charged to have been committed, and whether it had any file mark on it at all or not, or whether, instead of placing the file mark on the note it was placed on a piece of paper, pinned thereto, would be wholly immaterial. There is no question as to the identity of the note.

The perjury alleged to have been committed by appellant in this case was in the trial of a civil case in the Justice Court on a promissory note wherein one Preibisch was plaintiff and appellant and one Haak were defendants. The indictment alleges that it was a material question in said case whether appellant had signed his name, and had made his mark and authorized his name to be signed to said note; and that the issue thereon was duly joined between the parties; that among other things, appellant swore on the trial of that case that he did not sign his name and did not make his mark, and did not authorize said Haak or any other person to sign his name or make his mark to said note; that in fact appellant did make his mark and did authorize said Haak to sign his name to said note and that his testimony was false, and deliberately and wilfully made, etc.

In various ways appellant contends that this conviction can not stand because the record does not affirmatively show that appellant had filed his plea of *non est factum* in the Justice Court denying his signature thereto, and he especially cites and relies upon Garrett v. State, 37 Texas Crim. Rep., 198, and other cases to sustain him. As shown above, the indictment does allege that the false testimony was material. Conceding that it must be proved, it does not necessarily follow that the only way to prove it is by the introduction of the plea of *non est factum* which was filed in the Justice Court. That would be a proper way to prove it, but if it was proven otherwise, without objection, such proof would be as effective. The record in this case does not show that any such written plea was introduced. But it does affirmatively appear from the statement of facts that the justice of the peace before whom the case was tried, specifically testified that the issue was joined in that Justice Court suit and trial, as to who executed said note. This proof was made without any objection by the appellant and he raises the question for the first time by his second amended motion for a new trial filed some nine days after the trial had been concluded. The

Garrett case, supra, does not hold that such proof of the issue joined can not be made otherwise than by the introduction in evidence of the written plea of *non est factum.* . Doubtless if objection had been made to the oral testimony of the justice of the peace, stated above, the court would have sustained the objection, because the written plea itself may have been the best evidence thereof, but it is too late for appellant to raise the question the first time, after the trial of the case is concluded. We think the Garrett case, supra, is, therefore, not in point.

Appellant also complains that the court failed to define the words "deliberately" and "wilfully" in his charge. The court, in approving the bill on this point, qualifies it by stating that the failure of the court to define these words was not excepted to at the time and no requested charge defining them was asked by appellant and "there was no issue raised by the evidence of mistake, inadvertence or agitation when said alleged false statement was made in the Justice Court. The defendant's only defense presented being that he did not sign or authorize anyone to sign for him said note." Such being the case and the jury having assessed the lowest penalty against appellant, this does not present reversible error. Art. 743, C. C. P.

In Brown v. State, 9 Texas Crim. App., 171, this court held the inadvertence, mistake or agitation contemplated by Penal Code, article 305, is defensive matter. While the word "deliberately" is not separately defined, yet as held by this court in Clay v. State, 52 Texas Crim. Rep., 555, the charge of the court, in this, as in the Clay case, fully and sufficiently covered and embraced a definition of said word.

Appellant cites and relies on Windon v. State, 56 Texas Crim. Rep., 198, and some like cases to the effect that the failure to define "wilfully" in a perjury case is reversible error. The Windon case and others cited by appellant are based on the decision of Steber v. State, 23 Texas Crim. App., 176. In the Steber case it is expressly stated: *"Under the peculiar facts of this case,"* we are of the opinion the court should have defined "wilfully." Then the court fully states such peculiar facts. The facts of that case and the defense of appellant are quite different from the facts and defense in this case. The facts and defense are not stated in the Windon case, but it is founded on the Steber case, and the same character of case, it must have come within the *peculiar facts* thereof. This case clearly comes within the cases of Hill v. State, 22 Texas Crim. App., 579; Garza v. State, 47 S. W. Rep., 983; Woodson v. State, 24 Texas Crim. App., 153, and other like cases. The opinion in the Garza case was written by Judge Henderson, and in it he quotes the opinion of Judge Hurt in the Hill case. These cases are specially and peculiarly applicable to this case. We quote and adopt the opinion in the Garza case, as follows:

"It is also urged that the trial court committed an error, for a failure to define the word 'wilfully.' . An exception to this failure of the court to define this word was not reserved at the time the charge was given, but is brought forward in the motion for a new trial. 'Wilfully' in this

connection, is tantamount to 'knowingly,' and is distinguished from a statement made through inadvertence or mistake or under agitation. The charges on perjury, so far as we are advised, do not contain a definition of the term 'wilfully,' further than is contained in the definition of the offense; that is, the jury are told that the statement must be wilfully and deliberately made, and must be under oath in a judicial proceeding, and must be material to the issue joined, and that the falsity of such statement must be shown, and that appellant knew it was false when he made it, and that such statement must be shown to have been made not through inadvertence or under mistake or during agitation. These allegations contain the distinctive elements of the offense, and, when shown, carry with them the idea that the statement was made wilfully; that is, knowingly and with evil intent. The view here stated is borne out in Hill v. State, 22 Texas Crim. App., 579, 3 S. W. Rep., 764. In that case the court say: 'The charge of the court is complained of because it does not define the word "wilful." No objection was taken to the charge when given nor were any special instructions requested; the correctness of the charge being called in question for the first time in the motion for a new trial. We are cited to several cases holding that it is necessary to define "wilful." These decisions are correct, when considered with reference to the offenses discussed, and the peculiar facts of the cases cited. When, however, considered with reference to this offense, and when the charge is taken as a whole, we do not think the omission contributed in the least to injure the appellant. Perjury is a false statement deliberately and wilfully made. A false statement made through inadvertence or under agitation or by mistake is not perjury. The court in its charge gave to the jury the above definition and restrictions in a very clear manner. We can not see how a party can deliberately, without agitation, coolly, without mistake or inadvertence, make a false statement, without such statement be "wilfully" made. The omission, if error, not being objected to at the time, we must look to the entire record to ascertain if it was prejudicial to defendant; and, thus viewing the record, we perceive no injury.' "

In a separate paragraph the court told the jury: "If you believe that the defendant did not sign said note described in the indictment and did not make his mark for signature to same and did not authorize W. A. Haak, nor any other person to sign his name or his mark to said note, or if you have a reasonable doubt of this fact, you will acquit the defendant and so state in your verdict." No complaint of such charge is anywhere made in appellant's motion for new trial. It is presented solely by bill of exceptions which was presented to the court February 24, 1913, and filed on that day, which was some twenty-nine days after the adjournment of the term of court. The only objection to this charge is: "That the same does not state the law applicable to the charge in the indictment and the facts introduced on the trial of said cause." Wherein or how it does not state the law is not given. This objection is too general under the well established law, frequently

decided by this court, to authorize this court to consider it, and presents no reversible error under the circumstances.

There are some misspelled words in the verdict of the jury, which was: "We the jury find the defendant *guily* and assess his punshment at two year in the penitentiary. Emil Krueger, Fornan of the jury."

The insufficiency of this verdict is complained of for the first time, by bill of exceptions presented to the court long after adjournment for the term. The misspelled words in no way vitiated the verdict.

The judgment is affirmed.

*Affirmed.*