## HAYWOOD MILES v. THE STATE.

### No. 2901. Decided March 25, 1914.

Rehearing denied April 15, 1914.

**1.—Perjury—Indictment—Precedent.**

Where, upon trial of perjury, the indictment followed approved precedent, the same was sufficient. Following Johnson v. State, 71 Texas Crim. Rep., 428.

**2.—Same—Sufficiency of the Evidence—Statutes Construed—Proof Necessary—Circumstantial Evidence.**

Where, upon trial of perjury, the evidence for the State met the requirements of article 806, Code Criminal Procedure, the conviction was sustained, although the same was largely circumstantial.

**3.—Same—Evidence—Other Testimony of Same Facts.**

Upon trial of perjury, the indictment on which defendant was tried and in which trial the alleged perjury occurred was properly introduced in evidence, and there was no error in also introducing the judgment of acquittal in that case, as this inured to defendant's advantage; besides, the same matter was proved by other testimony without objection. Following Wagner v. State, 53 Texas Crim. Rep., 306.

**4.—Same—Charge of Court—Wilfully.**

Where, upon trial of perjury, the court's charge sufficiently defined the term "wilfully," there was no error. Following Johnson v. State, 71 Texas Crim. Rep., 428.

**5.—Same—Circumstantial Evidence—Rule Stated.**

A person may be convicted of perjury on circumstantial evidence, and this doctrine has been expressly and repeatedly declared. Following Plummer v. State, 35 Texas Crim. Rep., 202, and other cases. Overruling Kemp v. State, 28 Texas Crim. App., 519; Waters v. State, 30 Texas Crim. App., 284.

**6.—Same—Charge of Court—Practice—Objections to Charge.**

Where no objection was made in the court below to the charge of the court and no special charge requested, an objection comes too late in a motion for rehearing in this court.

**7.—Same—Former Acquittal—Former Jeopardy.**

Where defendant contended, on appeal from a conviction of perjury, that he was tried on assault with intent to murder and swore therein that he did not commit that offense and was acquitted thereof, and that he can not now be convicted for perjury committed by him in the trial of said cause, contending that he is being tried again for the same offense, but there was no plea of former jeopardy; and, besides, these offenses were not the same, and there is no reversible error on that ground.

Appeal from the District Court of Rockwall. Tried below before the Hon. Kenneth Foree.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. B. Ridgell,* for appellant.—On question as to what proof is necessary to convict of perjury: Billingsley v. State, 49 Texas Crim. Rep., 620, 95 S. W. Rep., 520; Cleveland v. State, 50 Texas Crim. Rep., 6, 95

S. W. Rep., 521; Conant v. State, 51 Texas Crim. Rep., 610, 103 S. W. Rep., 897; Kemp v. State, 13 S. W. Rep., 869; Waters v. State, 17 S. W. Rep., 411; Cook v. U. S., 26 App. D. C., 427.

C. E. Lane, Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of perjury and his punishment assessed at the lowest prescribed by law.

On or about June 13, 1912, at night, one America Jones was shot while she was in her residence on a bed, by someone outside through a window. Unquestionably the assault upon her amounted to an assault with intent to murder by whomsoever committed. Appellant was duly indicted soon thereafter for this offense on her. The case was duly tried in the District Court of said county before the court and jury. Appellant being duly sworn testified in that case to the effect that he was not at her house that night and did not shoot nor assault her, but that he was at his home in Rockwall at the time. What he swore was very material in the trial against him for said assault. The indictment is predicated upon his said testimony alleging that it was wilfully and deliberately false and that he knew it was so when he so testified.

The indictment in this case is clearly sufficient, charging perjury against appellant properly in accordance with the statute, and the standard forms for such indictment and repeatedly held so by the decisions of this court. P. C., arts. 304 et seq.; Johnson v. State, 71 Texas Crim. Rep., 428, 160 S. W. Rep., 964. It is unnecessary to cite the many other cases to the same effect.

The most material question in this case which was raised by appellant in various ways and assigned in various ways by many of his assignments, which he groups, is his contention that the evidence does not measure up to the requirements of the statute wherein article 806, Code Criminal Procedure, requires: "In trials for perjury, no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness, corroborated strongly by other evidence as to the falsity of the defendant's statement, under oath, or upon his own confession in open court." It becomes necessary, therefore, that we shall recite briefly but substantially the material evidence introduced by the State on this point.

Appellant did not testify. He introduced no witness, nor other evidence. The State alone introduced witnesses and documentary evidence. It was unquestionably established by the testimony of several witnesses who were in no way disputed or contradicted that said America Jones was assaulted and shot, as stated above; that appellant was indicted and tried for this offense and that he was duly sworn on that trial and testified substantially as alleged in the indictment.

America Jones testified: That at the time she was shot she was lying across the bed with her arms lying on the knee, and resting her head against the breast of her son who was sitting on the bed at the time. That she was shot through the hip, the ball passing entirely through her

body; that appellant was at her house the night before and objected to the people holding their lodge meeting upstairs over her house; that he belonged to that lodge and said they had beat him out of his money and he wasn't going to let them hold their meeting there; that they had to move; that the evening before she was shot that night, she told him not to come down there that night but he said he was going; that she told him she would have the city marshal there and he said all right, that he was sure going to meet him there, because he was coming back.

H. T. Huffines testified that he was at said lodge meeting upstairs right over where America Jones was shot that night; that as he was going to the lodge that night he saw appellant some fifteen or twenty steps from appellant's house towards America Jones' house; that appellant's house was some 300 feet from America Jones'; that he asked appellant if he was going to the lodge and he said he guessed not and upon his inquiry he told appellant that he, the witness, was going; that this was some fifteen or twenty minutes, just before the shooting; that at this time he was talking to him appellant had something in his right hand down by his left side which he, the witness, thought was a hoe (this evidently was appellant's gun).

By several witnesses, among them was the deputy sheriff and the city marshal who were called to the scene of the shooting very soon after it occurred, it was shown that appellant fled and although they hunted for him at his home all through his house and everywhere else they thought they could find him and did not find him, but located him some day or two later attempting to make his escape and arrested him. It was also shown by more than two witnesses that appellant at the time owned a certain make of gun which was designated. This gun was produced on the trial, identified and introduced in evidence before the jury.

Joe Fuqua testified that sometime the next day after America Jones was shot the night before, appellant came to his house at Rowlett, in Dallas County, where he lived and said he was hungry and wanted something to eat; that he fed him; that after he got through eating appellant told him he was in trouble; that he had shot a woman over in Rockwall the night before; that he aimed to kill her but her daughter was between him and her and he didn't get a good shot at her but he aimed to shoot her right through the heart and aimed to kill her; that he shot her with the gun he then had and showed to this witness. The gun was the one afterwards recovered by the officers, produced, identified and introduced on the trial.

Sam Macon testified that the day after America Jones was shot the night before appellant came down in the field where he was working, before the officers got him; that he had a gun with him at the time and that he left the gun with the witness' wife and she put it in the house; that this is the same gun which the officers afterwards secured and was identified, introduced in evidence, etc.

Adam Carter testified that shortly after the shooting of America Jones appellant came to his house and woke him up, tried to borrow money

from him to get off on; that he wanted to go to Sulphur Springs; that said woman had been shot and he was satisfied that he would be charged with it, and he wanted to leave; that after some further talk with him appellant admitted that he had shot the said woman; that he intended to kill her when he shot her but her son was in the way and he didn't want to hurt him; that he wanted to shoot her in the head but her son was in the way so he shot her where he could see her; that the appellant at the time was bareheaded and in his shirt sleeves and also asked him, the witness, if he had a shirt or anything he could give him; that he looked like he had been traveling pretty fast. The witness gave him nothing.

Will Walker testified that shortly after the shooting of America Jones that night appellant came down to his house and told him he was in trouble and asked him for money; that after some further talk he said that said woman was shot and that he would be accused of it, and still talking on further, he told the witness that he, appellant, had shot her himself; that he would have shot her somewhere else if it had not been for her son being in the way; that appellant was bareheaded at the time and wanted a hat. The witness gave him no money, hat or anything else.

Dr. Jackson testified that he was called in and waited on America Jones the night she was shot; that he examined the woman's wound at the time and in the house where she was and where she had been shot he found a lead bullet, but he didn't know whether that was the lead that went through her or not.

The sheriff, Ed. Hall, testified that soon after the shooting of said woman he went down to her; that after seeing the shot woman, and hearing what had occurred he went to appellant's house and searched for him but didn't find him; that he also, at the time, searched for appellant's gun there but did not find it; that he then went back to the woman's house and he and the city marshal looked for tracks; they found a track across the road from the woman's house and followed it 75 or 100 yards with a lantern; that it was a man's track; that they hunted for appellant but did not locate him until the third day after the shooting; that he finally located him by telephoning around; that he afterwards located appellant's gun at said witness Macon's house and had his deputy to get and bring the gun in; that he also found three shells with the gun; that it was Miles' gun.

The city marshal, Williams, testified that the next morning after the shooting, where they had found the tracks the night before, he found an empty shell to the character of said gun belonging to appellant; that he had, before this shooting, seen the gun at appellant's house but he and the deputy sheriff couldn't find it there the night before when they were searching for appellant and said gun; that the tracks that he followed through said cornfield went right straight from America Jones' house down towards where said witness Carter lived. This witness told of the location of said America Jones' house from the places where they saw these tracks, fixing the location of her house across the road and about

75 or 100 yards from where they found these tracks going from the direction of her house.

Some, but not all, of the witnesses who testified on this trial testified on the trial of appellant for said assault upon America Jones.

It is well settled in this State by several decisions that a conviction for perjury can not be sustained upon proof that at other times the accused, when not under oath, made statements contradictory of the alleged false statement which is charged to constitute the perjury. Appellant cites several cases to this effect, among them Brooks v. State, 29 Texas Crim. App., 582. This case does not come within that line of authorities, because much other evidence in addition to appellant's said statements was introduced which tended to show and did show that in connection with said statements to several witnesses as shown above, that his testimony given on the trial of said assault case was false and untrue.

In discussing whether or not an accused can be convicted on circumstantial evidence alone, and what was circumstantial evidence, this court, through Judge Hurt in Maines v. State, 26 Texas Crim. App., 14, said:

"Now there may be evidence technically circumstantial which would be amply sufficient under our Code to establish perjury. Let us illustrate: B is on trial for the murder of A. C swears that he was at a certain time at a certain place in Travis County, Texas; that B and A were present at that time and place, and that no other person was present; that he saw B shoot and kill A, giving the circumstances. B is convicted and executed. Subsequent facts lead to the conclusion that C perjured himself, and he is indicted for that offense. Upon the trial it is evident that the prosecution can not adduce direct evidence against C, but by one or more witnesses it can be shown that he was, at the time of the homicide, and on the day of the homicide specified by him, in the city of New York.

"Now, technically speaking, this would be circumstantial evidence, but of such character as to be virtually positive or direct evidence. There would be no room for inferences or presumptions, for, if the jury believed the witnesses, guilt would result without any process of reasoning or presumptions." The character of proof in this case by the various witnesses, we think, is clearly within that class of evidence designated by Judge Hurt above and that taken altogether it was amply sufficient under said article 806, Code Criminal Procedure, to authorize and require appellant's conviction in this case.

It was proper for the State to introduce the indictment against appellant in said case of assault upon said woman. While it may be unnecessary, it was certainly no error prejudicial to appellant to introduce the judgment in that case showing that he was acquitted therein. This was to his advantage instead of against him. It is not like that character of case where an accused was convicted and the judgment showing his conviction in the previous case was introduced. But even if error in this case, the fact that appellant was acquitted in that case was ex-

pressly proved by appellant in the cross-examination of the State's witness Hall, the sheriff, who, at appellant's instance, testified expressly: "He (appellant) was acquitted in that case." In addition to this, the State proved the same thing by the former county attorney, Austin, without any objection whatever by appellant. Mr. Austin testified: "The jury turned Haywood Miles loose on that charge." It is well settled that when other testimony is introduced without objection, showing the same thing, no reversible error is presented because the same proof was made by others over objections. Wagner v. State, 53 Texas Crim. Rep., 306, and cases cited. This court, through Judge Ramsey, in that case said: "It is well settled in this State that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to," citing many cases. It is useless to cite the many cases decided by this court since then. So that, not only because appellant proved the same thing first which was the first testimony on the subject, as well as the State afterward proving it without objection, and that it was to appellant's interest and benefit to show this and not against him, no error whatever is shown because of the introduction of said judgment.

The court sufficiently, by the terms of his charge, defined "wilfully." Johnson v. State, 71 Texas Crim. Rep., 428, 160 S. W. Rep., 964, and cases there cited and quoted on the point. The judgment is affirmed.

<em>Affirmed.</em>

ON REHEARING.

April 15, 1914.

·PRENDERGAST, PRESIDING JUDGE.—Appellant contends that the original opinion herein holds in effect that a person may be convicted of perjury on circumstantial evidence alone. This is true. If there is any uncertainty that the original opinion does not so hold, we now expressly do so hold. This doctrine has been expressly and repeatedly so held by this court.

In Plummer v. State, 35 Texas Crim. Rep., 202, this court, through Judge Hurt, said: "These requested charges are based upon the proposition that perjury can not be proved by circumstantial evidence, and that there must be at least one credible witness, corroborated as the law requires, swearing positively to the statement assigned for perjury. The statute (Code Crim. Proc., art. 806 [746] [786]) requires that the falsity of the statement be established by the testimony of two credible witnesses, or by one credible witness strongly corroborated. · We hold that the falsity of the statement can be established by circumstantial evidence, but this must be done by the testimony of at least two credible witnesses, or by one credible witness strongly corroborated, as the law requires. In all criminal cases the guilt of the accused can be established by circumstantial evidence. Why can not the falsity of a statement in a perjury case be established by the same character of evidence? The difference between other cases and perjury cases is this: While one witness may

be sufficient to establish the guilt of the accused in other cases, the law requires two credible witnesses, or one credible witness strongly corroborated, in perjury cases. It is not the character of the proof that is contemplated by the statute, but the number and character of the witnesses."

In Beach v. State, 32 Texas Crim. Rep., 240, this court, through Judge Simkins, held: "But counsel insist, that one can not be convicted of perjury upon circumstantial evidence in Texas, because the Code declares, that 'in trials of perjury, no person shall be convicted except upon the testimony of two credible witnesses, or upon the testimony of one credible witness corroborated strongly by other evidence as to the falsity of defendant's statement made under oath, or upon his own confession in open court.' Code Crim. Proc., article 806 (746). It was decided by this court, that in order to convict of perjury, it is not required in every case that the two witnesses must swear directly adversely to the fact or facts sworn to by the defendant, but it is sufficient when the facts sworn to by said witnesses, if true, conclusively demonstrate defendant's guilt. Thus, if the facts so sworn to, if true, show that defendant must have been ignorant of the matter about which he swore, it is sufficient to sustain a conviction (Maine's case, 26 Texas Crim. App., 14); or when the facts testified to by said witnesses conclusively show as true that defendant swore contrary to what he necessarily knew to be the truth. United States v. Wood, 14 Pet., 430; 2 Bish. Crim. Proc., sec. 932. There is perjury as 'to delay' and 'reasonable expectation of procuring attendance of witnesses' except by circumstantial evidence, and if perjury can be assigned at all (of which we have no doubt) on these statements, they must be proven by facts conclusively showing their falsity."

In Franklin v. State, 38 Texas Crim. Rep., 346, this court, through Judge Henderson, said: "Appellant contends that the proof was of a purely circumstantial character, and that, under our statute, a conviction of perjury can not be had on circumstantial evidence alone, and cites us to the statute on this subject (article 786, Code Criminal Procedure), and to Kemp v. State, 28 Texas Crim. App., 519. Said decision is a construction of the article in question in accordance with the contention of appellant. This construction appears to have been overruled in Beach v. State, 32 Texas Crim. Rep., 240, and Plummer v. State, 35 Texas Crim. Rep., 202." This doctrine is also approved by this court in Rogers v. State, 35 Texas Crim. Rep., 221, and Maroney v. State, 45 Texas Crim. Rep., 524.

Appellant cites to the contrary Kemp v. State, 28 Texas Crim. App., 519, and Waters v. State, 30 Texas Crim. App., 284. It is true, without any discussion, the doctrine contended for by appellant was announced in these two cases. But as said by Judge Henderson in the Franklin case, supra, the Kemp case was overruled, and we say that, in addition, the Waters case was also overruled. In order that neither of these cases may be considered as establishing the doctrine that perjury can not be proved by circumstantial evidence alone, both of those cases are here ex-

pressly again overruled. Appellant cites as sustaining his contention Billingsley v. State, 49 Texas Crim. Rep., 620, 95 S. W. Rep., 520; Cleveland v. State, 50 Texas Crim. Rep., 6, 95 S. W. Rep., 521; Conant v. State, 51 Texas Crim. Rep., 610, 103 S. W. Rep., 897, and decisions of other courts. These cases from this court, cited by appellant, do not sustain his contention and are not contrary to what we hold in this case. We deem it unnecessary to further discuss the question.

Appellant complains in this court and by his motion for rehearing of an omission in the court's charge to define what is a credible witness. This case was tried after the Act of April 5, 1913, amending articles 735, 737, and 743, and adding article 737a had been in force. No objection was made in the court below to the court's charge now complained of and no special instruction on the subject was there requested; so that it is too late to raise the question in this court and, under the law, as it now is and was when this case was tried, we can not review the question.

The only other contention he now makes is that as he was tried for an assault with intent to murder and swore therein that he did not commit that offense, and was acquitted of that offense, he can not now be convicted for perjury committed by him in the trial of said cause, contending that he is being tried again for the same offense. In other words, he contends, as we understand him, that former jeopardy attached. He filed no plea in the lower court in any way pleading former acquittal. The only way such a question was even suggested or intimated, is an unsworn motion to quash the indictment from which possibly he thinks such suggestion may have been made. This could in no sense be considered a plea of former acquittal. Such pleas as the statute requires (art. 572, C. C. P.) must be in writing, and (art. 573) *shall be verified by the affidavit of the defendant.* Nothing of the kind was done in this case. Even if it had been, it could not possibly be held to be a good defense in this case. The facts are: On the night of June 13, 1912, America Jones was shot while lying on her bed in her house; the shot was fired by someone in the dark outside of her house, through a window. Thereafter appellant was duly indicted, charged with that assault with intent to murder and tried therefor on September 17, 1912. He falsely swore in that case that he did not shoot said America Jones as alleged against him. His testimony in that case was, as in this, unquestionably shown to be willful and deliberate, and knowingly false. By reason, doubtless, of his said false testimony in that case he secured an acquittal. The penalty for an assault with intent to murder is confinement in the penitentiary for not less than two nor more than fifteen years. For perjury not less than two nor more than ten years. The assault to murder was committed on June 13, 1912. The perjury was committed by appellant in a trial had in the District Court on September 17, 1912. The Constitution and statute are that no man shall be put in jeopardy twice for the same offense. By no stretch of the imagination can an assault with intent to murder committed on June 13, 1912, be held to be the same offense, or anything akin to it, as perjury committed on

September 17, 1912, even though the perjury is committed on the trial of the assault to murder case. Such a doctrine contended for by appel-· lant could not, for one moment, be sanctioned by this court as correct. Here it is established without doubt and without question that appellant in the dead hours of the night, with his gun, a deadly weapon, crept up to within shooting distance of his intended victim, who was lying upon her bed in her own house, and attempted to assassinate her by shooting her through the body; and soon thereafter, stated to four or five separate and distinct witnesses that he had shot, and intended to kill her, and he fled, and attempted to make his escape. Afterwards, he was caught by the officers, duly indicted and tried, and by his perjured testimony secured an acquittal of his dastardly assault to murder and intention to assassinate his victim. Then to hold that. because he escaped merited punishment for his first crime, he should go scott free from his crime of perjury, would be monstrous indeed. We deem it unnecessary to further discuss the two offenses to demonstrate that they are not the same and by no stretch of the imagination could be construed to be the same. See Branch's Criminal Law, sec. 398, and sec. 18 of Judge White's Ann. C. C. P. Also the notes under the constitutional provision in Harris' Texas Constitution, p. 119 et seq. The motion is overruled.

*Overruled.*